J-S56030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO ALGARIN | : | |
| | : | |
| Appellant | : | No. 1557 EDA 2019 |

Appeal from the PCRA Order Entered May 6, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0928871-1993

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 04, 2019**

Appellant, Francisco Algarin, appeals *pro se* from an order entered on May 6, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant factual and procedural background of this matter as follows:

> In 1992, [Appellant] was arrested and subsequently charged in connection with the fatal shooting of Mina Myers and the hiring of a man to assault a witness to whom [Appellant] confessed.  On June 9, 1994, following a jury trial presided over by the Honorable Jane Cutler Greenspan, [Appellant] was convicted of first-degree murder, criminal conspiracy, aggravated assault, intimidation of a witness, and firearms violations.  On October 26, 1994, the [trial] court imposed a sentence of life imprisonment on the murder conviction and lesser consecutive terms of incarceration on the remaining convictions.  [This Court] subsequently affirmed [Appellant's] judgment of sentence

on January 6, 1997 and the Pennsylvania Supreme Court denied *allocatur* on August 12, 1997.

In August [] 1998, [Appellant] filed his first PCRA petition, *pro se*. Counsel was appointed and subsequently filed a **Turner/Finely**[1] no-merit letter. The PCRA court denied the petition and permitted counsel to withdraw. [This Court] affirmed the PCRA court's order on November 10, 1999. The Pennsylvania Supreme Court denied *allocatur* on April 4, 2000.

[Appellant] was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 2006 and 2015.

PCRA Court Opinion, 6/20/19, at 1-2 (footnotes omitted) (footnote added).

On January 3, 2018, Appellant filed the current petition, which he entitled, "petition for *habeas corpus* relief." Appellant's PCRA Petition, 1/3/18, at 1-7. Subsequently, on July 6, 2018, Appellant filed a second petition, which he also entitled "petition for *habeas corpus* relief." Appellant's Petition for *Habeas Corpus* Relief, 7/6/18, at 1-7. The PCRA court treated both submissions as a single PCRA petition. PCRA Court Opinion, 6/20/19, at 2. On February 27, 2019, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 2/27/19, at 1; **see** Pa.R.Crim.P. 907(1). Appellant filed a response on March 12, 2019. The PCRA court dismissed Appellant's petition on May 21, 2019. PCRA Court's Order, 5/21/19, at 1. This timely appeal followed.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

We note that, as "a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error." **Commonwealth v. Hammond**, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

Preliminarily, we review the PCRA court's decision to treat Appellant's submissions as a single PCRA petition. First, we address Appellant's January 3, 2018 submission. Within this petition, Appellant claimed that he was "denied his right to due process under the Fourteenth Amendment." Appellant's PCRA Petition, 1/3/18, at 2. Specifically, Appellant argued that when the PCRA court granted appointed counsel's petition to withdraw pursuant to **Turner/Finley** in 1998, it violated his constitutional rights. **Id.** at 2-6.

Previously, this court explained:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013) (internal citations omitted). Accordingly, if an issue is "cognizable under the PCRA," it "must be raised in a timely PCRA petition, and cannot be raised in a *habeas corpus* petition." **Id.** Notably, a claim that a "conviction or sentence" resulted from a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States" is a cognizable issue under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i).

- 3 -

In this case, the PCRA court correctly held that Appellant's January 3, 2018 submission qualified as a PCRA petition. Within Appellant's "petition for *habeas corpus* relief," he asserted that his conviction or sentence resulted from a violation of the United States' Constitution, *i.e.*, a violation of his due process rights under the Fourteenth Amendment. Appellant's PCRA Petition, 1/3/18, at 1-7; **see** 42 Pa.C.S.A. § 9543(a)(2)(i). Thus, the PCRA court correctly treated Appellant's submission as a PCRA petition. Accordingly, before we proceed to its merits, "we must first determine whether [Appellant's January 3, 2018 submission considered as a PCRA petition] was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on November 10, 1997, 90 days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* in the United States Supreme Court elapsed. **See** U.S. Sup. Ct. Rule 13. Hence, Appellant's petition is manifestly untimely.

- 4 -

Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness requirement that allow for very limited circumstances under which the untimely filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (applying one-year deadline to claims arising on or after December 24, 2017).

Herein, Appellant made no attempt to plead or prove that one of the above-mentioned exceptions to the PCRA time-bar applies. In fact, he does not even mention one of the exceptions listed in 42 Pa.C.S.A. § 9545(b). **See** Appellant's PCRA Petition, 1/3/18, at 1-7. As such, the PCRA court properly dismissed Appellant's January 3, 2018 PCRA petition for lack of jurisdiction.

Next, we address Appellant's July 6, 2018 submission. In this filing, Appellant claimed that the criminal[2] and sentencing statutes[3] regarding first-degree murder are unconstitutional.[4] Appellant's Petition for *Habeas Corpus* Relief, 7/6/18, at 1-7; Appellant's Brief at 12-19. Specifically, he asserts that both statutes are "void under the vagueness doctrine" because both fail to state explicitly that an individual sentenced to life imprisonment is not eligible for parole. Appellant's Brief at 12. Upon review, we conclude that the PCRA court erred in treating Appellant's July 8, 2018 submission as a PCRA petition.

_____

[2] **See** 18 Pa.C.S.A. § 1102(a) ("a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711").

[3] **See** 42 Pa.C.S.A. § 9711(a) ("After a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment").

[4] We note that in Appellant's July 6, 2018 submission, Appellant referred only to the constitutionality of 42 Pa.C.S.A. § 9711(a). In his appellate brief, however, Appellant challenges the constitutionally of 18 Pa.C.S.A. § 1102(a). Appellant's Brief at 12. Thus, it is possible to conclude that Appellant waived the aforementioned issue. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Nonetheless, Appellant is essentially challenging the constitutionality of the statutes under which he was convicted and sentenced for the same reason, *i.e.*, that neither statutory provision explicitly states that an individual will be subjected to life imprisonment **without parole**. Therefore, we conclude that Appellant did not waive this argument and will address Appellant's argument as it relates to both statutes for purposes of this appeal.

Recently, this Court addressed a similar challenge in *Commonwealth v. Rouse*, 191 A.3d 1 (Pa. Super. 2018). Specifically, in *Rouse*, the appellant submitted a *pro se habeas corpus* petition, asserting that the sentencing statute for second-degree murder was "void for vagueness, in violation of his due process rights." *Id.* at *2. Upon review, the PCRA court concluded that the appellant's claim "asserted the illegality of his sentence" and, as such, treated his submission as a PCRA petition. *Id.* at *3. A panel of this Court, however, disagreed. Instead, we held that the appellant's assertion that the statute was void for vagueness did not qualify as a challenge under 42 Pa.C.S.A. § 9543(a)(2)(i) ("a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States [that] . . . so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place") or 42 Pa.C.S.A. § 9543(a)(2)(vii) ("[t]he imposition of a sentence greater than the lawful maximum"). *Rouse*, 191 A.3d at *7. Ultimately, this Court treated the appellant's submission as a petition for *habeas corpus* relief, but held that his claim was waived because he failed to "exhaust all available remedies before resorting to *habeas corpus*." *Id.*

Likewise, in this case, Appellant has argued that 42 Pa.C.S.A. § 9711(a) and 18 Pa.C.S.A. § 1102(a) are "unconstitutional and void under the vagueness doctrine" because both statutes fail to give "fair notice that its true penalty is [l]ife imprisonment without parole." Appellant's Brief at 12. Thus, pursuant to *Rouse*, Appellant's claim qualifies as a petition for *habeas corpus*

relief, not a PCRA petition. ***Rouse***, 191 A.3d at \*7. Nonetheless, as in ***Rouse***, we conclude that Appellant waived his claim because he failed to "exhaust all available remedies before resorting to *habeas corpus*." ***Id***. Indeed, on appeal, Appellant failed to include in the certified record any evidence that he raised this claim at his sentencing hearing or in a post-sentence motion. ***See id***. "[W]hat is not contained in the certified record 'does not exist for purposes of our review.'" ***Commonwealth v. Brown***, 161 A.3d 960, 968, (Pa. Super. 2017), *quoting* ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008). As such, we conclude that this issue is waived and, therefore, affirm the PCRA court's order dismissing Appellant's petition. ***See Commonwealth v. Williams***, 125 A.3d 425, n.8 (Pa. Super. 2015) ("To the extent that our legal reasoning differs from the trial court's [rationale], we note that as an appellate court, we may affirm on any legal basis supported by the certified record").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/19