J-S10002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL R. WITUCKI | : | |
| | : | |
| Appellant | : | No. 1498 MDA 2019 |

Appeal from the PCRA Order Entered August 28, 2019
In the Court of Common Pleas of Tioga County
Criminal Division at No(s):  CP-59-CR-0000568-1998

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                **FILED MARCH 09, 2020**

Daniel R. Witucki appeals, *pro se*, from the order dismissing his petition for writ of *habeas corpus* pursuant to the Post Conviction Relief Act (PCRA), *see* 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

In June of 1998, a jury convicted Witucki of first-degree murder for fatally shooting the victim three times with a rifle. He was sentenced the same day to a mandatory term of life imprisonment. This Court affirmed his judgment of sentence, and our Supreme Court subsequently denied his petition for allowance of appeal.

In November of 2000, Witucki filed his first PCRA petition, *pro se*. Counsel was appointed who filed an amended petition. After a hearing, the PCRA court denied the petition. We affirmed the denial and our Supreme Court

denied allowance of appeal. Witucki subsequently filed serial unsuccessful petitions for collateral relief in 2012, 2014, and 2016.

On February 15, 2018, Witucki filed a petition for writ of *habeas corpus*. In the petition he alleged he is illegally confined because the sentencing statute for first-degree murder, 18 Pa.C.S. § 1102(a), is void for vagueness and unconstitutional because it only applies to capital cases. He also specifically averred that his claim was not cognizable under the PCRA.

The PCRA court, concluding that Witucki's claim asserted the illegality of his sentence, treated his *habeas* petition as a PCRA petition subject to the PCRA's timeliness provisions. On that basis, the PCRA court determined that Witucki's petition was untimely, and that he had not pled an exception to the time bar. As such, the court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition. After receiving a response from Witucki, the court dismissed the petition on June 1, 2018. We affirmed the dismissal.

On March 7, 2019, Witucki filed his most recent petition for writ of *habeas corpus*. This time, he again argued that he is illegally confined based on Section 1102(a) being void for vagueness, but this time contending that the statute does not give fair notice that life imprisonment means life imprisonment without parole.

The PCRA court dismissed the petition, which it labeled as "essentially a PCRA petition", finding Witucki is not entitled to relief because there are no

genuine issues of material fact. **See** PCRA Court Order, 8/28/2019. The court further found the petition to be entirely frivolous. **See id**. This appeal followed.

Preliminarily, we must determine whether the remedy Moore is seeking on appeal may be addressed under *habeas corpus* review or if a remedy exists under the PCRA. If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). The PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy pursuant to that Act. **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). Similarly, the writ of *habeas corpus* is not an available remedy if relief could be obtained via a post-conviction hearing proceeding. **See** 42 Pa.C.S.A. § 6503. Therefore, regardless of how the petition is styled, "a defendant cannot escape the PCRA time-bar by titling his motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted).

A filing pursuant to the PCRA "provides for an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. The PCRA is the *sole* pathway to obtain collateral relief, which therefore subsumes common law and statutory remedies including the right to *habeas corpus* relief. **See id**.; **see also Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) ("It is well settled that any collateral petition raising

- 3 -

issues with respect to remedies offered under the PCRA will be considered a PCRA petition.").

This Court has addressed a similar challenge previously in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018). Specifically, in **Rouse**, the appellant submitted a *pro se habeas corpus* petition, asserting that the sentencing statute for second-degree murder was "void for vagueness, in violation of his due process rights." **Id**. at 2. The PCRA court treated his petition as a PCRA petition after concluding that the appellant's claim "asserted the illegality of his sentence." **Id**. at 3. On appeal, this Court disagreed, and held that the appellant's assertion that the statute was void for vagueness did not qualify as a challenge under the PCRA statute. **See id**. at 7. Instead, this Court treated the appellant's submission as a petition for *habeas corpus* relief, but ultimately held that that his claim was waived because he failed to "exhaust all available remedies before resorting to *habeas corpus*." **Id**.

We find this case to be very similar to **Rouse**. Witucki's petition likewise asserted that the first-degree murder sentencing statutes are unconstitutional and void under the vagueness doctrine because they fail to give notice that the true punishment is life imprisonment *without parole*. Pursuant to **Rouse**, this claim qualifies as a petition for *habeas corpus* relief, not a PCRA petition.

*See Rouse*, 191 A.3d at 7. Nonetheless, we conclude that Witucki has waived his claim, although for a different rationale than in *Rouse*.[1]

Our review of the record indicates that Witucki's Pa.R.A.P. 1925(b) statement and subsequently filed brief do not correspond to the same issue raised. In fact, his brief appears to raise arguments related to his appeal from the denial of his previous petition for writ of *habeas corpus* in 2018.

Specifically, his current appellate brief filed on December 10, 2019, states that it is an appeal from the PCRA court's June 1, 2018 order and sets out an argument based on the issues raised in his February 15, 2018 petition for *habeas corpus*, namely that he is illegally confined because the first-degree murder statute is void for vagueness in that first-degree murder can only be entered in a capital case. *See* Appellant's Brief, at 8. His Rule 1925(b) statement similarly claims that the statute is unconstitutionally vague since he believes it can only be applied in a capital case. *See* Statement of Matters Complained of on Appeal, 10/28/2019, at ¶ 1.

However, the current appeal was taken from the most recent petition for *habeas corpus* which was filed on March 7, 2019, and dismissed on August

_____

[1] Witucki acknowledges that he did not raise this issue before the sentencing court or in a post-sentence motion. *See id*. (finding waiver based on failure to preserve *habeas* issue at an earlier stage). However, he argues he is exempt from waiver because he was not explicitly told that he had to raise such claims in a post-sentence motion to preserve them. We find that we need not address this issue, as we ultimately find waiver based on a different rationale.

28, 2019. In his most recent petition, he bases his argument on the fact that the statute does not give adequate notice that life imprisonment means life without parole. **See** Petition for Habeas Corpus Relief, 3/7/2019, at 2. As the issue he develops in his brief is distinct from the issue raised in his petition, we conclude both issues are waived. The issue raised in his petition has been waived for failure to adequately develop it on appeal.[2] He has waived the issue presented in his brief by failing to preserve in the court below. **See** Pa.R.A.P. 302(a).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/09/2020</u>

---

[2] A *pro se* litigant is entitled to no special benefit and must comply with all applicable requirements. **See Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006).