2018 PA Super 159

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEVIN ROUSE, | |
| Appellant | No. 653 EDA 2017 |

Appeal from the PCRA Court Order Entered January 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0713202-2002

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY BENDER, P.J.E.:           **FILED JUNE 08, 2018**

Appellant, Devin Rouse, appeals from the order denying his petition for a writ of *habeas corpus* ("*Habeas* Petition"), which the lower court treated as an untimely petition filed pursuant the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's 2005 conviction for second-degree murder, robbery, carrying a firearm without a license, and possessing an instrument of crime are not germane to this appeal. After Appellant filed a direct appeal, this Court affirmed his judgment of sentence on April 13, 2006, and our Supreme Court subsequently denied his petition for allowance of appeal from our decision. **Commonwealth v. Rouse**, 902 A.2d 981 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 909 A.2d 304 (Pa. 2006).

Appellant filed his first PCRA petition on October 10, 2007, and appointed counsel filed an amended petition on his behalf on September 26, 2008. The PCRA court dismissed that petition without a hearing on March 5, 2009. This Court vacated that order, and remanded for an evidentiary hearing. *Commonwealth v. Rouse*, 38 A.3d 925 (Pa. Super. 2011) (unpublished memorandum). That hearing occurred on January 27, 2014. Subsequently, the PCRA court granted Appellant's PCRA petition, ordering a new trial. The Commonwealth appealed. On January 12, 2016, this Court reversed the PCRA court's order, and our Supreme Court denied Appellant's petition for allowance of appeal from that decision. *Commonwealth v. Rouse*, 136 A.3d 1029 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 30 (Pa. 2017).

The instant matter began when Appellant filed his *pro se Habeas* Petition on September 13, 2016. Therein, he claimed that the sentencing statute for second-degree murder, 18 Pa.C.S. § 1102(b), is void for vagueness, in violation of his due process rights under the Constitution of the United States and/or of this Commonwealth.[1] Appellant also specifically averred in his

---

[1] Section 1102(b) mandates that "a person who has been convicted of murder of the second degree … shall be sentenced to a term of life imprisonment." Appellant claims that Section 1102(b) is void for vagueness because it fails to give adequate notice that a sentence of life imprisonment is, in fact, life imprisonment *without the possibility of parole*. *See* Appellant's *Habeas* Petition, 9/13/16, at 3 (unnumbered pages); *but see Castle v. Commonwealth, Pennsylvania Bd. of Probation and Parole*, 554 A.2d 625, 628 (Pa. Cmwlth. 1989) (holding that Section 1102(b) imposes a

*Habeas* Petition that his claim was not cognizable under the PCRA. *Habeas* Petition at 1-2.

The trial court, concluding that Appellant's claim asserted the illegality of his sentence, treated his *Habeas* Petition as a PCRA petition subject to the PCRA's timeliness provisions. Trial Court Opinion ("TCO"), 5/5/17, at 3-4. On that basis, the PCRA court determined that Appellant's petition was untimely, and that none of the PCRA's timeliness exceptions applied. As such, on November 10, 2016, the court issued notice, pursuant to Pa.R.Crim.P. 907, that it intended to dismiss Appellant's *Habeas* Petition without a hearing. Appellant did not file a response. On January 13, 2017, the trial court entered an order dismissing Appellant's *Habeas* Petition.

Appellant filed a timely notice of appeal. Appellant did not file, and the PCRA court did not order him to file, a Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on May 5, 2017.

Appellant now presents the following question for our review:

> Did the lower court err in construing Appellant's state habeas corpus petition as a 2nd PCRA petition (and thereby time-barring it), when the PCRA statutes do not clearly state whether the issue presented is cognizable under the PCRA; whereas the writ of state *habeas corpus* may be sought to inquire into the cause of detention "under any pretense whatsoever[?"]

Appellant's Brief at 5.

_____

*minimum* term of incarceration of life imprisonment, thereby prohibiting the Board of Probation and Parole from considering parole for individuals convicted of second-degree murder). Appellant acknowledges the **Castle** decision, but claims it was wrongfully decided.

- 3 -

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's *Habeas* Petition, which was construed by the lower court as a PCRA petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant makes no argument that his *Habeas* Petition is timely under Section 9545(b)(1). Instead, he claims that the PCRA court erred by construing his *Habeas* Petition as a PCRA petition. Specifically, he asserts that his void-for-vagueness claim, directed at the sentencing provision for second-degree murder applied in his case, is not cognizable under the PCRA statute and, therefore, that the statute's timeliness provisions do not apply to his *Habeas* Petition. For the following reasons, we agree.

Section 9542 provides, in pertinent part, that:

This subchapter provides for an action by which persons convicted of crimes they did not commit and ***persons serving illegal sentences*** may obtain collateral relief. The action established in this subchapter ***shall be the sole means of obtaining collateral relief*** and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus….

42 Pa.C.S. § 9542 (emphasis added). Appellant correctly notes that this provision exists in tension with the eligibility-for-relief provisions of the PCRA statute. Section 9543 provides, in pertinent part, as follows:

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

…

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) ***The imposition of a sentence greater than the lawful maximum.***

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a) (emphasis added).

- 6 -

There is no dispute that the Appellant's *Habeas* Petition satisfies Section 9543(a)(1), as Appellant is currently serving a sentence of imprisonment. However, the only provisions of Section 9543(a)(2) that might arguably pertain to sentencing claims which, like the one presented by Appellant in his *Habeas* Petition, do not also pertain to matters of underlying guilt or innocence, are Sections 9543(a)(2)(vii) and (viii). As the jurisdiction of trial/sentencing court is not in question, that leaves only Section 9543(a)(2)(vii), which permits relief under the PCRA statute for claims involving the "imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii). Appellant asserts that the void-for-vagueness claim set forth in the *Habeas* Petition (essentially a due process claim), does not posit that his sentence exceeds the lawful maximum for second-degree murder and, therefore, is not a claim that is eligible for relief under the PCRA statute.

The trial court does not indicate in its opinion why it construed Appellant's void-for-vagueness argument as an illegal-sentencing claim that is cognizable under the PCRA. Instead, the court baldly states, without citing any pertinent authority and without offering any analysis, that "Appellant's issue is cognizable under the PCRA." TCO at 3-4. Likewise, the Commonwealth argues that: "Essentially, [Appellant] claims that he received a sentence greater than the lawful maximum; an issue which is squarely cognizable under the PCRA." Commonwealth's Brief at 5. However, the Commonwealth also provides no support for this assertion in its brief.

- 7 -

Appellant does not explicitly claim that his sentence exceeds the lawful maximum, nor is his claim easily construed as such. Instead, he contends that—in crafting the sentencing statute for second-degree murder—the legislature failed to give adequate or reasonable notice of the penalty for that offense, especially in light of other sentencing provisions, such as the minimum/maximum rule.[2] If anything, Appellant is challenging the minimum sentence imposed (that is, that no minimum sentence was imposed); he does not claim that his sentence exceeded the lawful maximum.

Nor does Appellant's claim fall within the well-recognized categories of illegal sentencing issues that are cognizable under the PCRA under applicable case law.

> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)."

**Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (citations omitted). The latter category includes claims that arise under the progeny of **Apprendi**, including **Alleyne v. United States**, 570 U.S. 99 (2013). Additionally, "[t]his Court has also held that claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause also pertain to the

---

[2] When imposing a sentence of "total confinement," 42 Pa.C.S. § 9756(a), "[t]he court **shall** impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed[,]" 42 Pa.C.S. § 9756(b)(1) (emphasis added).

legality of the sentence." ***Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014). None of these categories apply to Appellant's issue, which is grounded in due process concerns.

***Lawrence*** is instructive here. In that case, the appellant challenged the constitutionality of the sentencing provision for juveniles convicted of murder, 18 Pa.C.S. § 1102.1, arguing, *inter alia*, that the statute violated equal protection and *ex post facto* principles. ***Lawrence***, 99 A.3d at 118. In order to escape waiver concerns, the appellant argued that his claims implicated the legality of his sentence. However, the ***Lawrence*** Court determined those issues were not illegal-sentencing claims, despite the fact that they targeted a sentencing statute. The Court reasoned that:

> In our view, there is a meaningful difference between the remaining two arguments [the a]ppellant raises in this case and issues pertaining to the Eighth Amendment, merger, ***Apprendi*** and ***Alleyne***. The Eighth Amendment, merger, ***Apprendi***, and even ***Alleyne*** all directly circumscribe the trial court's sentencing process and sentencing authority. Stated another way, the goal of the Cruel and Unusual Punishment Clause, the merger doctrine, ***Apprendi*** and ***Alleyne*** is to protect defendants from the imposition of punishments **by trial judges** that are unconstitutional, imposed through unconstitutional processes, or are a "greater punishment than the legislature intended." [***Commonwealth v.***] ***Andrews***, [768 A.2d 309, 313 (Pa. 2001)]. However, as is relevant in this case, the Equal Protection Clause and the *Ex Post Facto* Clauses serve to restrict legislative power. [The a]ppellant does not argue that the trial court did not follow Section 1102.1's mandate or text in carrying out its traditional sentencing function. Nor does Appellant argue that any part of the sentencing process was unconstitutional. Rather, [the a]ppellant argues that the General Assembly passed a statute that, in his view, unconstitutionally treats some juveniles differently than others, and retroactively changes the punishment for the crime after it was committed. These arguments do not

> address the same concerns as the Eighth Amendment, the merger doctrine, **Apprendi** and **Alleyne**. Because [the a]ppellant's Equal Protection and *Ex Post Facto* Clause arguments directly seek protection from legislatures, not judges, we hold that these arguments fall into the category of "a sentencing issue that presents a legal question [rather than a claim that the] sentence [is] illegal." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1036 n.5 (Pa. Super. 2013) (*en banc*) (citation omitted).

*Lawrence*, 99 A.3d at 123–24 (some internal citations omitted, emphasis in original).

Likewise, here, Appellant's void-for-vagueness claim is a sentencing issue that presents a legal question that is qualitatively distinct from the categories of illegal sentences recognized by our courts. It does not challenge the sentencing court's authority or actions insomuch as it challenges the legislature's ostensible failure to provide adequate notice of the penalty for second-degree murder.

However, Appellant's void-for-vagueness claim, just like all claims (but for the three categories of illegal-sentencing claims, **see Munday**, **supra**), is subject to waiver. "*Habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." **Commonwealth ex rel. Johnson v. Bookbinder**, 247 A.2d 644, 646 (Pa. Super. 1968). As Appellant's claim could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to *habeas corpus*. Accordingly, we deem his claim waived and, therefore, affirm the trial court's order dismissing his petition on that basis.

"To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." *Commonwealth v. Williams*, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).

Thus, in sum, because Appellant's claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-sentencing issues, Appellant's claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts. Moreover, because Appellant's constitutional challenge to Section 1102(b) does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i). Nevertheless, because Appellant could have challenged the constitutionality of Section 1102(b) at sentencing or in a post-sentence motion, he has failed to exhaust all available remedies before seeking relief under *habeas corpus*. Thus, Appellant effectively waived the issue raised in the *Habeas* petition.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18