J-S12036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
STACEY LAMONT MOSLEY, :
:
Appellant : No. 1423 MDA 2018

Appeal from the PCRA Order Entered August 15, 2018
in the Court of Common Pleas of Juniata County
Criminal Division at No(s): CP-34-CR-0000224-2008

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 16, 2019**

Stacey Lamont Mosley ("Mosley"), *pro se*, appeals from the Order

denying his Petition for Writ of *Habeas Corpus*. We affirm.

On April 16, 2009, following a jury trial, Mosley was found guilty of

robbery, theft by unlawful taking, receiving stolen property, criminal

contempt, and two counts of criminal conspiracy, relative to his robbery of a

convenience store and attempted robbery of a bank. The trial court sentenced

Mosley to an aggregate term of 35 to 70 years in prison.[1] On October 6, 2010,

this Court affirmed the judgment of sentence. ***See Commonwealth v.***

---

[1] Mosley was sentenced pursuant to Pennsylvania's "three-strikes" sentencing
statute, which requires that a defendant who had previously been convicted
of two or more crimes of violence, arising from separate criminal transactions,
be sentenced to a minimum of at least 25 years of total confinement. ***See*** 42
Pa.C.S.A. § 9714(a)(2); ***see also Commonwealth v. Smith***, 866 A.2d 1138
(Pa. Super. 2005) (recognizing Section 9714 as Pennsylvania's "three strikes"
law).

*Mosley*, 15 A.3d 518 (Pa. Super. 2010) (unpublished memorandum). Mosley did not seek allowance of appeal with the Pennsylvania Supreme Court.

On March 9, 2011, Mosley, *pro se*, filed his first Petition pursuant to the Post-Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Mosley was appointed counsel, who filed an Amended Petition. On March 5, 2012, following a hearing, the PCRA court dismissed Mosley's PCRA Petition. This Court dismissed Mosley's appeal, and the Pennsylvania Supreme Court denied Mosley's Petition for allowance of appeal. **See Commonwealth v. Mosley**, 64 A.3d 16 (Pa. Super. 2012) (unpublished memorandum), **appeal denied**, 69 A.3d 243 (Pa. 2013).

On April 11, 2018, Mosley, *pro se*, filed the instant *Habeas Corpus* Petition. On August 3, 2018, the trial court denied Mosley's Petition.[2] Mosley filed a timely Notice of Appeal. On September 5, 2018,[3] the trial court ordered Mosley to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 25 days of the date of the Order. On October 22, 2018, the trial court filed a Memorandum, indicating that Mosley had failed to file a 1925(b) concise statement.

_____

[2] We note that Mosley's claim is not cognizable under the PCRA. **See Commonwealth v. Rouse**, 191 A.3d 1, 6-7 (stating that because a void-for-vagueness claim "is a sentencing issue that presents a legal question that is qualitatively distinct from the categories of illegal sentences recognized by our courts[, in that i]t does not challenge the sentencing court's authority or actions insomuch as it challenges the legislature's ostensible failure to provide adequate notice of the [challenged statute,]" it does not fall under the purview of the PCRA).

[3] The trial court's Order was docketed on September 12, 2018.

On appeal, Mosley presents the following question for our review:

Whether [t]he [t]rial [c]ourt [m]isapplied the law, or exercised its discretion in a manner lacking reason by dismissing [Mosley's] Petition for *Habeas Corpus* Relief[,] since his confinement if [*sic*] illegal on the basis of the [a]pplication of a [m]andatory minimum pursuant to 42 Pa.C.S.A. § 9714 that was unconstitutionally vague and void at the time it was applied to [Mosley?]

Brief for Appellant at 3.

Mosley argues that Pennsylvania's "three-strikes" statute, 42 Pa.C.S.A. § 9714(a)(2), violates his right to due process, and should be deemed void for vagueness. ***Id.*** at 7-13. Mosley claims that his case should be remanded to the trial court for resentencing, without application of Section 9714. ***Id.*** at 13.

Initially, our review of the record discloses that Mosley never filed a court-ordered Pa.R.A.P. 1925(b) concise statement. ***See*** Pa.R.A.P. 1925(b)(2). Thus, Mosley's claim is waived. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (stating that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."); ***see also Commonwealth v. Mason***, 130 A.3d 601, 635-36 (Pa. 2015) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Nevertheless, even if Mosley had complied with the trial court's Order to file a Rule 1925(b) concise statement, his claim would be waived by failing to raise it at his sentencing hearing or in a post-sentence motion. ***See Rouse***, 191 A.3d at 6 (stating that a "void-for-vagueness claim [raised in a *habeas*

*corpus* petition] … is subject to waiver," where the defendant fails to raise the claim at his sentencing hearing or in a post-sentence motion.").  Accordingly, we deem Mosley's claim waived and affirm the trial court's Order dismissing his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/16/2019