J-S35028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAHMEE GREEN | |
| Appellant | No. 1120 EDA 2018 |

Appeal from the PCRA Order Entered March 23, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0103371-2001

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 19, 2019**

Appellant, Rahmee Green, appeals *pro se* from the March 23 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The record reflects that, on March 13, 2002, Appellant pled guilty to third degree murder and related offenses.  On March 20, 2002, the trial court imposed 20 to 40 years of incarceration followed by 15 years of probation.  Appellant did not file a direct appeal.  On July 28, 2014, Appellant filed the instant PCRA petition, his first.  On February 26, 2018, appointed counsel filed a no-merit letter and petition to withdraw pursuant to **Commonwealth v Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d

_____

[*] Retired Senior Judge assigned to the Superior Court.

213 (Pa. Super. 1988) (*en banc*). Also on February 26, 2018, the PCRA court filed a notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the Rule 907 notice on March 16, 2018. On March 23, 2018, the PCRA court entered an order permitting counsel to withdraw and dismissing the petition as untimely. Appellant filed his *pro se* notice of appeal on April 13, 2018.

On appeal, we must determine whether the record supports the PCRA court's decision, and whether the court committed an error of law. ***Commonwealth v. Rouse***, 191 A.3d 1, 3 (Pa. Super. 2018). Section 9545 of the PCRA mandates that any PCRA petition be filed within one year of the finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b)(1). Here, the trial court sentenced Appellant on March 20, 2002, and Appellant filed no direct appeal. His sentence became final on April 20, 2002, after the thirty-day direct appeal period expired. The instant petition, filed more than 12 years later, is facially untimely. The PCRA's timeliness requirements are jurisdictional, and therefore the PCRA court could entertain this petition if, and only if, Appellant pled and proved one of the timeliness exceptions set forth at § 9545(b)(1)(i-iii). ***Rouse***, 191 A.3d at 3. One exception applies when the petitioner asserts a newly recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii).

Here, Appellant's petition alleged that the PCRA court had jurisdiction pursuant to ***Alleyne v. United States***, 131 S. Ct. 2151 (2013), wherein the

- 2 -

United States Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be proven to the fact finder beyond a reasonable doubt. **Alleyne** does not apply here since Appellant's sentence predates **Alleyne** by more than 11 years, and **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Moreover, § 9545 requires a petitioner to assert a timeliness exception within 60 days of the first date it could have been raised. 42 Pa.C.S.A. § 9545(b)(2).[1] Appellant filed his *pro se* petition more than one year after the United States Supreme Court decided **Alleyne**. Finally, we observe that Appellant's sentence resulted from a negotiated plea bargain; the trial court did not impose a mandatory minimum sentence.[2]

_____

[1] As of December 24, 2018, § 9545(b)(2) requires the petitioner to file within one year of the first date upon which the claim could have been raised.

[2] The substantive basis for Appellant's petition is not entirely clear, but he appears to believe he has not received the benefit of his plea bargain, and/or that he has not received proper credit for time served. If Appellant claims his sentence is illegal, that issue falls within the scope of the PCRA (42 Pa.C.S.A. § 9542) and the PCRA court lacked jurisdiction to order relief, owing to the untimely petition. The record reflects that Appellant bargained for and received 20 to 40 years of incarceration. If Appellant believes the Department of Corrections has failed to compute proper credit for time served, or misapplied the trial court's sentencing order in some other way, that issue falls within the jurisdiction of the Pennsylvania Commonwealth Court. **See Allen v. Commonwealth, Dep't of Corr.**, 103 A.3d 365 (Pa. Commw. 2014).

We are also cognizant that Appellant claims he did not receive counsel's **Turner**/**Finley** letter in time to decide how he wished to proceed. Regardless, Appellant filed a *pro se* response to the PCRA court's Pa.R.Crim.P. 907 notice in which Appellant failed to articulate valid grounds upon which his petition could overcome the jurisdictional time bar.

For the foregoing reasons, we conclude the PCRA court did not err in dismissing Appellant's petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/19