J-S07019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY LEO LICIAGA | : | |
| | : | |
| Appellant | : | No. 2216 EDA 2019 |

Appeal from the PCRA Order Entered July 17, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0003464-1989

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                                  **FILED MARCH 13, 2020**

Appellant, Harry Leo Liciaga, appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, denying his *pro se* petition for writ of *habeas corpus*, which the court treated as a serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

A prior panel of this Court set forth the relevant procedural history of this appeal as follows:

> On May 22, 1990, following a jury trial, Appellant was convicted of second-degree murder and related offenses. The trial court sentenced Appellant on November 1, 1990 to life imprisonment.  …  Appellant filed a timely notice of appeal….  This Court affirmed the judgment of sentence on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

August 15, 1996.[2]  Appellant did not seek further direct appeal.

On May 19, 1997, Appellant filed a timely PCRA petition. That petition was subsequently denied by the PCRA court on December 15, 1998.  On appeal, this Court affirmed the denial of Appellant's PCRA petition on November 10, 1999. Appellant did not seek further appeal.

***Commonwealth v. Liciaga***, No. 3156 EDA 2012, unpublished memorandum at 1-2 (Pa.Super. filed Aug. 21, 2013) (internal citations omitted).

Appellant subsequently filed several unsuccessful petitions for collateral review.  On June 25, 2019, Appellant filed the instant *pro se* petition for writ of *habeas corpus*, arguing the sentencing statute for second-degree murder, 18 Pa.C.S.A § 1102(b), is void for vagueness and violates his due process rights.[3]  Relying on ***Commonwealth v. Rouse***, 191 A.3d 1 (Pa.Super. 2018), Appellant also asserted that his claim was not cognizable under the PCRA.

Despite Appellant's assertions, the court treated Appellant's filing as a PCRA petition.  On June 27, 2019, the court filed its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition.  Specifically, the court determined that Appellant had failed to "establish a *prima facie* showing that the

---

[2] On appeal, Appellant argued: 1) the Commonwealth committed discovery violations; 2) the trial court improperly commented on a witness's credibility; and 3) the trial court erred in refusing to grant a mistrial after a witness opined that Appellant was capable of committing murder.  ***See Commonwealth v. Liciaga***, No. 429 PHL 1995, unpublished memorandum at 2-9 (Pa.Super. filed Aug. 15, 1996).

[3] Section 1102(b) mandates that "a person who has been convicted of murder of the second degree…shall be sentenced to a term of life imprisonment."

J-S07019-20

proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." (Order, filed 6/27/19, at 2) (internal footnote and quotation marks omitted). Appellant timely filed a *pro se* response to the Rule 907 notice, reiterating his argument that the void-for-vagueness challenge was not cognizable under the PCRA. On July 17, 2019, the court denied Appellant's petition.

Appellant timely filed a *pro se* notice of appeal on August 5, 2019. On August 15, 2019, the court ordered Appellant to file a Pa.R.A.P 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his *pro se* Rule 1925(b) statement on August 27, 2019.

In his appeal, Appellant raises the following issue for our review:

> WHETHER THE [PCRA] COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S PETITION FOR *HABEAS CORPUS* RELIEF ALLEGING HE IS ILLEGALLY CONFINED ON THE BASIS OF PENAL STATUTE 18 PA.C.S.A § 1102(b) THAT IS UNCONSTITUTIONAL AND VOID UNDER THE VAGUENESS DOCTRINE BECAUSE HE WAS NOT CHARGED UNDER THIS STATUTE?

(Appellant's Brief at 3).

Appellant argues Section 1102(b) governed the imposition of his sentence for second-degree murder, but the statute is void for vagueness. Relying on **Rouse, supra**, Appellant contends his claim is not cognizable under the PCRA, and he properly raised the issue in a petition for writ of *habeas corpus*. Moreover, Appellant insists he did not waive his claim,

- 3 -

because he "was not informed on the record that failure to raise this issue at sentencing or post-sentence would affect his right to raise this issue forever." (Appellant's Brief at 12). Appellant concludes that the court should not have treated his filing as a PCRA petition, and this Court must reverse the order denying relief. We disagree.

Preliminarily, the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. "Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa.Super. 2004), *cert denied*, 546 U.S. 909, 126 S.Ct. 264, 163 L.Ed.2d 237 (2005) (citations omitted) (emphasis in original).

Regarding the question of whether the PCRA encompasses Appellant's claim, this Court addressed a similar issue in ***Rouse***. There, the petitioner submitted a *pro se* petition for writ of *habeas corpus*, contending that Section 1102(b) was void for vagueness. The PCRA court construed the petitioner's argument as a challenge to the legality of his sentence and treated his filing as a PCRA petition. On appeal, this Court determined that the petitioner's void-for-vagueness argument was not cognizable under the PCRA:

- 4 -

[B]ecause [the petitioner's] claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-sentencing issues, [the petitioner's] claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts. Moreover, because [the petitioner's] constitutional challenge to Section 1102(b) does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i).

*Rouse, supra* at 7.

Ultimately, this Court treated the filing as a petition for *habeas corpus* relief, but it held that the petitioner had waived his claim:

[The petitioner's] void-for-vagueness claim, just like all claims (but for the three categories of illegal-sentencing claims …), is subject to waiver. *Habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available. As [the petitioner's] claim could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to *habeas corpus*. Accordingly, we deem his claim waived and, therefore, affirm the trial court's order dismissing his petition on that basis. To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record.

*Id.* at 6-7 (internal citations and quotation marks omitted). ***See also***

***Commonwealth v. McNeil***, 665 A.2d 1247, 1250 (Pa.Super. 1995) (explaining issues are not cognizable under remedy of *habeas corpus* if they could have been considered and corrected in regular course of appellate review).

- 5 -

Instantly, pursuant to **Rouse**, Appellant's specific void-for-vagueness claim was not cognizable under the PCRA. **See Rouse, supra** at 6-7. Nevertheless, Appellant failed to raise his claim at sentencing or in a post-sentence motion. Because Appellant "failed to exhaust all available remedies before seeking relief under *habeas corpus*," Appellant waived his claim.[4] **See id.** Therefore, we affirm the order denying Appellant's petition, albeit on a different basis. **Id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/20

_____

[4] To the extent Appellant suggests the sentencing court or counsel should have informed him on the record about the possibility of waiving this claim, Appellant's assertion does not comport with the Pennsylvania Rule of Criminal Procedure governing notice of post-sentence rights. **See** Pa.R.Crim.P. 704(C)(3) (discussing notice of post-sentence rights).