J-S46007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
  :  PENNSYLVANIA
  :
v.  :
  :
  :
  :
WILLIAM MOISES TORRES  :
  :
Appellant  :  No. 541 EDA 2020

Appeal from the Order Entered January 7, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003055-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:      **FILED NOVEMBER 24, 2020**

Appellant, William Moises Torres, appeals *pro se* from the January 7, 2020 order denying his petition for writ of *habeas corpus*, in which he challenged the constitutionality of the statute defining third-degree murder, 18 Pa.C.S. § 2502(a), and the statute setting forth the sentence for that offense, 18 Pa.C.S. § 1102(d).  After careful review, we affirm.

The facts of Appellant's convictions are not necessary to our disposition of his appeal.  We only note that on February 8, 2009, Appellant pled guilty to two counts of third-degree murder.  On March 26, 2009, he was sentenced to an aggregate term of 40 to 80 years' imprisonment.  Appellant did not file a direct appeal.

Over the ensuing 10 years, Appellant filed several petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9451-9546, all of which were either withdrawn or denied.  On December 16, 2019, Appellant filed the *pro*

*se* petition for writ of *habeas corpus* underlying the present appeal. After the trial court denied that petition on January 7, 2020, Appellant filed a timely, *pro se* notice of appeal. The court thereafter ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days, informing Appellant that "[a]ny issue not properly included in the concise statement … timely filed and served shall be deemed waived." Order, 2/12/20, at 1 (single page). However, it does not appear from the certified record that Appellant filed a Rule 1925(b) statement. Nevertheless, the court issued a Rule 1925(a) opinion on March 10, 2020. Therein, the court addressed the merits of Appellant's claims, considering them as amounting to a challenge to the discretionary aspects of his sentence, and concluding that it did not abuse its discretion in fashioning Appellant's term of incarceration. **See** Trial Court Opinion, 3/10/20, at 1-4.

Herein, Appellant sets forth one issue for our review:

A. The [t]rial [c]ourt abused its discretion in dismissing Appellant's [p]etition for *[h]abeas [c]orpus* [r]elief alleging he is illegally confined on the basis of a [t]hird[-d]egree [m]urder [c]onviction [under] 18 Pa.C.S. § 2502(c) and [s]entence [under] 18 Pa.C.S. § 1102(d) that violates [d]ue [p]rocess, [and] is unconstitutional and void under the vagueness [d]octrine[,] because the statute fails to give fair notice of what actions constitute[] the offense and the sentence statute does not authorize a mandatory term.

Appellant's Brief at 3.

Initially, Appellant's failure to file a Rule 1925(b) statement waives his claim for our review. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in

the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Nevertheless, Appellant has also waived his constitutional challenges to Sections 2502(c) and 1102(d) based on this Court's decision in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018). There, the petitioner submitted a *pro se* petition for writ of *habeas corpus*, contending that Section 1102(b), which mandates a life sentence for second-degree murder, was void for vagueness. *Id.* at 2. The trial court construed the petitioner's argument as a challenge to the legality of his sentence and treated his filing as a PCRA petition. *Id.* at 3. On appeal, this Court determined that the petitioner's void-for-vagueness argument was not cognizable under the PCRA, explaining:

> [B]ecause [the petitioner's] claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-sentencing issues, [the petitioner's] claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts. Moreover, because [the petitioner's] constitutional challenge to Section 1102(b) does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i).

*Id.* at 7. Ultimately, the **Rouse** panel treated the filing as a petition for *habeas corpus* relief, but held that the petitioner had waived his claim:

> [The petitioner's] void-for-vagueness claim, just like all claims (but for the three categories of illegal-sentencing claims), is subject to waiver. *Habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or

- 3 -

ineffectual or nonexistent. It will not issue if another remedy exists and is available. As [the petitioner's] claim could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to *habeas corpus*. Accordingly, we deem his claim waived and, therefore, affirm the trial court's order dismissing his petition on that basis.

***Id.*** at 6-7 (citations and quotation marks omitted). ***See also***

***Commonwealth v. McNeil***, 665 A.2d 1247, 1250 (Pa. Super. 1995) (explaining that issues are not cognizable under the remedy of *habeas corpus* if they could have been considered and corrected in the regular course of appellate review).

Instantly, we conclude that under ***Rouse***, the trial court in this case properly treated Appellant's filing as a petition for writ of *habeas corpus*, rather than a PCRA petition. However, the court erred by addressing the merits of Appellant's claims, as they are waived based on his failure to raise them at sentencing or in a post-sentence motion. In other words, Appellant "failed to exhaust all available remedies before seeking relief under *habeas corpus*" and, consequently, he has waived his claims for our review. ***See Rouse***, 191 A.3d at 6-7.[1]

Order affirmed.

_____

[1] We note that, although the trial court denied Appellant's petition for different reasons, "as an appellate court, we may affirm on any legal basis supported by the certified record." ***See id.*** at 7 (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/24/2020</u>