J-S52016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD R. REEL | : | |
| | : | |
| Appellant | : | No. 131 EDA 2020 |

Appeal from the PCRA Order Entered December 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1116711-1978

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED:  JANUARY 11, 2021**

Leonard R. Reel (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing both a serial petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] and a petition for *habeas corpus* relief.  On appeal, Appellant challenges only the PCRA court's denial of *habeas corpus* relief based upon his assertion that the sentencing statute for first-degree murder, 18 Pa.C.S. § 1102, is unconstitutionally vague.  For the reasons below, we affirm.

On May 24, 1979, Appellant was sentenced to a term of life imprisonment without parole, following his jury conviction of first-degree murder for the October 1978 stabbing death of Wylie Howie.  ***See***

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

*Commonwealth v. Reel*, 453 A.2d 923, 923 (Pa. 1982). Appellant was 23 years old at the time he committed the crime. *See* Appellant's Petition for Habeas Corpus Relief [ ] and for Post-Conviction Relief under the Post Conviction Relief Act ("Hybrid Petition"), 5/5/16, at 2. The relevant, ensuing procedural history was summarized by this Court in a prior memorandum decision:

> On December 17, 1982, the Pennsylvania Supreme Court affirmed the judgment of sentence. [*See Reel*, 453 A.2d at 926.]
>
> Appellant filed his first *pro se* petition pursuant to the Post Conviction Hearing Act (PCHA)[, the predecessor to the PCRA,] on April 22, 1983. The PCHA court appointed counsel who filed an amended petition on May 3, 1985. Following oral argument on November 21, 1985, the PCHA court dismissed the petition without a hearing. Appellant did not file an appeal.
>
> On May 27, 1987, Appellant, through counsel, filed his second petition pursuant to the PCHA. On September 23, 1988, the PCHA court dismissed the petition without a hearing. On May 25, 1989, this Court affirmed the denial of the second PCHA petition. [*See Commonwealth v. Reel*, 2957 PHL 1988 (unpub. memo.) (Pa. Super. May 25, 1989)]. Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.
>
> Appellant, acting *pro se*, filed a third petition, this time pursuant to the PCRA, on October 29, 2002. The PCRA court dismissed the petition as untimely on April 2, 2003. Appellant did not file an appeal.
>
> On April 27, 2012, Appellant filed a *pro se* "Petition for a Writ of Habeas Corpus" in the Civil Trial Division of the Philadelphia Court of Common Pleas. Deeming the pleadings to be a PCRA petition, the Civil Trial Division *sua sponte* transferred the matter to the Criminal Trial Division. On September 8, 2014, Appellant filed an amended *pro se* petition. . . . On March 13, 2015, the PCRA court dismissed the petition as untimely.

*Commonwealth v. Reel*, 1000 EDA 2015 (unpub. memo. at 2-3) (Pa. Super. Dec. 8, 2015) (footnote omitted), *appeal denied*, 21 EAL 2016 (Pa. Apr. 6, 2016).   This Court affirmed the order on appeal, and the Pennsylvania Supreme Court denied allocatur review.   ***See id.***

On May 5, 2016, Appellant filed a *pro se* combined *habeas corpus*/PCRA petition, seeking relief from his sentence of life imprisonment without parole based upon the decisions of the United States Supreme Court in ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (U.S. 2016).[2]   ***See*** Appellant's Hybrid Petition at 1-4.   That filing was still pending when, on August 8, 2018, Appellant filed another petition for *habeas corpus* relief, this time asserting that the sentencing statutes for first degree murder — 18 Pa.C.S. § 1102(a)(1) and 42 Pa.C.S. § 9711[3] — are ambiguous

---

[2] In ***Miller***, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"   ***Miller***, 567 U.S. at 465.   In ***Montgomery***, the Court held "***Miller*** announced a substantive rule of constitutional law," which must be applied retroactively in cases on state collateral review.   ***Montgomery***, 136 S.Ct. at 736.

[3] Section 1102(a) of the Crimes Code provides that a person convicted of first degree murder "shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711[.]"   18 Pa.C.S. §  1102(a)(1).   Section 9711 provides, in relevant part:

> After a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment.

42 Pa.C.S. § 9711(a)(1).

as to whether he is eligible for parole.  **See** Appellant's Petition for Habeas Corpus Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution ("Habeas Petition"), 8/28/18, at 2-4.  On September 20, 2019, the PCRA court issued notice of its intent to dismiss both Appellant's Hybrid Petition and subsequent Habeas Petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907.  Appellant filed a timely *pro se* response on October 10, 2019.  Thereafter, on December 2, 2019, the PCRA court entered an order dismissing Appellant's Hybrid Petition as an untimely PCRA petition, and dismissing Appellant's Habeas Petition "for failing to raise a non-waived claim."  Order, 12/2/19 (capitalization omitted).  This timely appeal follows.[4]

Appellant raises one issue on appeal:

> Whether the trial court abused its discretion in dismissing Appellant's [Habeas Petition] alleging Penal Statute 18 Pa.C.S. § 1102(a) is unconstitutional and void under the Vagueness Doctrine because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is [l]ife imprisonment "without parole?"

Appellant's Brief at 3.[5]

Preliminarily, we note the PCRA court properly determined Appellant's void-for-vagueness claim is not cognizable under the PCRA, and should be considered under the rubric of *habeas corpus* review.  **See** PCRA Ct. Op., 12/24/19, at 6-7.  **See also Commonwealth v. Smith**, 194 A.3d 126, 138

---

[4] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

[5] Appellant does not raise any challenge to the court's denial of PCRA relief under **Miller** and **Montgomery**.

(Pa. Super. 2018) (appellant's challenge of "legislature's alleged failure to provide adequate notice of the penalty for first-degree murder" is not cognizable under the PCRA and should be consider under *habeas corpus*). "Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion." ***Rivera v. Pennsylvania Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citation omitted). Accordingly, we will reverse the order on appeal only if the trial court "misapplied the law or exercised its discretion in a manner lacking reason." ***Id.*** (citation omitted).

Appellant argues Section 1102(a) "does not give fair notice that its penalty of 'a term of life imprisonment' is in reality a sentence of a term of life imprisonment 'without parole.'" Appellant's Brief at 8. Rather, he maintains "Pennsylvania Courts must go outside the literal wording (or face) of . . . Section 1102(a) to define the full scope, affect, and reach, of its penalty." ***Id.*** at 12. Thus, he contends the courts' interpretation of the statute as precluding parole violates "Federal Constitutional Due Process." ***Id.*** at 9.

Here, the PCRA court determined Appellant's claim was waived because he failed to "challenge the constitutionality of either statute at sentencing or in a post-sentence motion." PCRA Ct. Op. at 1-2. We agree. In ***Smith***, this Court held that *habeas* claims are subject to waiver when a petitioner fails to "exhaust all available remedies before resorting to the *habeas corpus* remedy." ***Smith***, 194 A.3d at 138 (holding *habeas* void-for-vagueness challenge to first degree murder statute waived when appellant failed to raise

the issue at sentencing or in a post-sentence motion). ***See also Commonwealth Rouse***, 191 A.3d 1, 6-7 (Pa. Super. 2018) (*habeas* void-for-vagueness challenge to second-degree murder statute is subject to waiver).

Appellant does not dispute that he failed to raise this claim in the trial court. ***See*** Appellant's Brief at 14. Rather, he contends his waiver was not "knowing and intelligent . . . since he was not informed on the record that failure to do so would affect his right to raise issues upon appeal." ***Id.*** Appellant maintains "[n]owhere, [on the record] was it stated to [him] that an issue to be pressed upon appeal must first be presented in the Rule 1410 motion."[6] ***Id.*** at 15.

We note Appellant raised this defective colloquy claim for the first time in his appellate brief. Thus, the PCRA court did not have the opportunity to address it. However, we conclude that his argument is, in actuality, a charge of ineffective assistance of counsel. Indeed, Appellant acknowledges that he "was advised by his trial counsel [at his sentencing hearing] of some of [his] rights concerning appeals and Rule 1410 Motions[.]" Appellant's Brief at 15. Thus, Appellant's contention that counsel failed to adequately inform him of his post-sentence rights and obligations invokes a claim of ineffectiveness of counsel. Such a claim is clearly cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(2)(ii). However, Appellant did not raise this issue in his Hybrid

---

[6] Pennsylvania Rule of Criminal Procedure 1410 was renumbered Rule 720, effected April of 2001. ***See*** Pa.R.Crim.P. 720, Credits.

Petition, nor does he attempt to overcome the untimeliness of such a claim, had it been properly raised. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 9/20/19, at 1 (explaining why Appellant's Hybrid Petition was untimely filed). Accordingly, no relief is warranted.

Because we detect no abuse of discretion on the part of the PCRA court in dismissing Appellant's Habeas Petition, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/11/21</u>