J-S26012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEARY T. MYERS | : | |
| | : | |
| Appellant | : | No. 162 EDA 2023 |

Appeal from the PCRA Order Entered December 6, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0228571-1993

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 1, 2023**

Appellant, Geary T. Myers, appeals *pro se* from the order entered December 6, 2022, in the Court of Common Pleas of Philadelphia County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

Following a jury trial, Appellant was found guilty of one count of second-degree murder, multiple counts of aggravated assault and robbery, and a variety of weapons-related offenses, arising out of a shooting spree in Philadelphia on November 20, 1992.  Appellant was sentenced to an aggregate term of life in prison.  This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal.  ***See Commonwealth v. Myers***, 677 A.2d 1266 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 681 A.2d 177 (Pa. 1996).

This Court subsequently affirmed the denial of Appellant's first, second, third, and fourth PCRA petitions. *See Commonwealth v. Myers*, No. 2503 EDA 2000 (Pa. Super. filed May 16, 2001) (unpublished memorandum); *Commonwealth v. Myers*, No. 1219 EDA 2004 (Pa. Super. filed October 28, 2004) (unpublished memorandum); *Commonwealth v. Myers*, No. 184 EDA 2015 (Pa. Super. filed August 31, 2015) (unpublished memorandum); and *Commonwealth v. Myers*, No. 2376 EDA 2017 (Pa. Super. filed July 13, 2018) (unpublished memorandum).

On February 12, 2020, Appellant filed the PCRA petition at issue here, which he styled as a "Petition for Writ of Habeas Corpus Ad Subjiciendum," which the PCRA court dismissed as untimely on December 6, 2022. This appeal followed.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an

exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[1] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

---

[1] It is undisputed the underlying PCRA petition is facially untimely. Appellant's judgment of sentence became final on October 31, 1996, at the expiration of the time for seeking review by the Supreme Court of the United States. *See* U.S. Sup. Ct. R. 13. Appellant had until October 31, 1997, to file a timely PCRA petition. Since the instant petition was filed in 2020, more than 22 years after the expiration of the deadline, the petition is facially untimely under the PCRA.

The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and (2) files a petition raising this exception within one year of the date the claim could have been presented, *see* 42 Pa.C.S.A. § 9545(b)(2). It would appear that Appellant claims that *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) (*Batts II*) qualifies as an exception to the PCRA time bar under 42 Pa.C.S.A. § 9545(b)(1)(iii).

Appellant essentially argues that he is entitled to relief under **Batts II**. According to Appellant, **Batts II** introduced new sentencing procedures, which, if applied to his case, would result in a more lenient sentence for Appellant. Appellant also argues that failure to apply these procedures results in constitutional violations (*i.e.*, equal protection and due process) that cannot be remedied under the PCRA. The only way to remedy these alleged constitutional violations is through a writ for habeas corpus, as acknowledged by this Court in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018). Because the challenge is not governed by the PCRA, Appellant argues, the PCRA time restrictions are not applicable here.

Appellant's argument raises several issues. We first address Appellant's contention that the issues raised here are outside the scope of the PCRA.

To the extent Appellant argues that the issues raised under **Batts II** involve questions of constitutional dimension outside the scope of the PCRA, we disagree, noting that: (i) claims of constitutional dimension are routinely raised and addressed under the PCRA; (ii) **Batts II** involves the legality of the sentence, **see Commonwealth v. Prinkey**, 277 A.3d 554, 566 n.22 (Pa. 2022); and (iii) challenges to the legality of the sentence fall with the purview of the PCRA, **id.** at 560. **See also Commonwealth v. Fahy**, 737 A.2d 214,

233 (Pa. 1999). Thus, the PCRA Court properly treated Appellant's underlying filing as a PCRA petition, subject to the PCRA rules.[2]

Appellant's reliance on **Batts II** also is misplaced. In **Batts II**, our Supreme Court devised a procedure for the implementation of **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 577 U.S. 190 (2016) in Pennsylvania.[3] Specifically, our Supreme Court held that procedural safeguards beyond consideration of youth and attendant characteristics pursuant to **Miller** or the sentencing factors set forth in section 1102.1(d) were required to satisfy Eighth Amendment scrutiny and to ensure life without possibility of parole ["LWOP"] sentences were imposed only on the rarest of juvenile offenders whose crimes reflect permanent incorrigibility, irreparable corruption, and irretrievable depravity. **See Commonwealth v. Street**, No. 1038 WDA 2022, at *2 (Pa. Super. filed July 18, 2022) (citing

---

[2] To the extent Appellant espouses our reasoning in **Rouse** to argue that Appellant's underlying petition, similarly to **Rouse**, does not fall within the scope of the PCRA, we note that our Supreme Court expressly rejected our reasoning in **Rouse**. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021). Thus, **Rouse** offers no assistance to Appellant's argument.

[3] In **Miller**, the U.S. Supreme Court determined that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 576 U.S. at 465. In **Montgomery**, the U.S. Supreme Court held that **Miller** was a new substantive rule that, under the United States Constitution, must be applied retroactively in cases on state collateral review. **Montgomery**, 577 U.S. at 212.

***Batts II***, 163 A.3d at 416).[4]  The ***Batts II*** court recognized a presumption against the imposition of LWOP for a juvenile offender and held that the Commonwealth must provide reasonable notice of its intent to seek a LWOP sentence and then prove beyond a reasonable doubt that the juvenile offender is "permanently incorrigible and that rehabilitation would be impossible." ***Id.*** *2 (quoting ***Batts II*** at 459).

In 2021, the United Supreme Court decided ***Jones v. Mississippi***, 141 S.Ct. 1307 (2021) which altered our holding in ***Batts II*** that a showing of permanent incorrigibility must be demonstrated.  In ***Jones***, the United States Supreme Court reaffirmed its decision in ***Miller*** and ***Montgomery*** and reiterated that mandatory LWOP sentences for juvenile offenders violate the Eighth Amendment.  ***Street***, at *2 (citing ***Jones***, 141 S.Ct. at 1311). However, the Supreme Court held that sentencing schemes that allow the discretionary imposition of life sentences after consideration of the juvenile homicide offender's youth and attendant characteristic pass constitutional muster *without* the need for a separate factual finding of permanent incorrigibility.  ***Id.*** (citing ***Jones***, 141 S.Ct. at 1317-18).

In response to ***Jones***, our Supreme Court issued its decision in ***Commonwealth v. Felder***, 269 A.3d 1232 (Pa. 2022), wherein it rescinded

---

[4] ***See*** Pa.R.A.P. 126(b) (non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

the procedural requirements set forth in **Batts II** that are not constitutionally required, *i.e.*, the presumption against sentencing a juvenile homicide offender to LWOP, and the imposition on the Commonwealth of the burden of proving beyond a reasonable doubt that the juvenile is permanently incorrigible. **Street**, at *3 (citing **Felder**, 269 A.3d at 1244). Thus, in light of **Jones** and **Felder**, to the extent Appellant argues that he is entitled to the procedure devised in **Batts II**, the argument is misplaced as those requirements are no longer valid under **Jones**.

Next, and most importantly, Appellant is not entitled to the application of **Batts II** (to the extent it survived **Jones**) because Appellant was 20 years old at the time of the underlying crimes. **See Commonwealth v. Cotton**, 2020 WL 3469702 at *5 (Pa. Super. 2020) ("**Batts II** is inapposite to the instant case because [Cotton] was not a juvenile at the time he committed his crime"); **Commonwealth v. Reeves**, 2020 WL 1042640 *4 (Pa. Super. 2020) ("**Batts II** is inapplicable to this case, as **Batts II** involved the sentencing of a juvenile offender to life imprisonment without the possibility of parole. Here, Reeves was not a juvenile at the time of the murder, but rather 24 years old.").

Finally, to the extent that **Batts II** survived **Jones**, there is no indication that **Batts II** ever qualified as a newly recognized constitutional right for purposes of 42 Pa.C.S.A. § 9545(b)(1)(iii). **See Cotton**, 2020 WL 3469702 at *5 (even if **Batts II** were otherwise applicable, our Pennsylvania Supreme

Court has never held that its holding is a newly-recognized constitutional right or that it applies retroactively. Accordingly, Appellant cannot satisfy subsection 9545(b)(1)(iii)'s time-bar exception); ***Commonwealth v. Gaddy***, 2020 WL 1970778 (Pa. Super. April 24, 2020) (same).

In light of the foregoing where Appellant's underlying petition is facially untimely and Appellant has failed to prove that he otherwise has met one of the exceptions to the PCRA's one-year time bar, we affirm the order of the PCRA court dismissing as untimely Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/01/2023