J-S33042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN A. KEYS | : | |
| | : | |
| Appellant | : | No. 3108 EDA 2019 |

Appeal from the PCRA Order Entered October 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1000371-2005

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 14, 2020**

Appellant, John A. Keys, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his petition for *habeas corpus* relief as an untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, without a hearing.  We affirm.

On April 27, 2007, a jury found Appellant guilty of robbery and possessing an instrument of crime.  Pursuant to the "third strike" mandatory minimum provision of 42 Pa.C.S. § 9714,[1] the trial court sentenced him to 25

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The statute reads:

> Where the person had at the time of the commission of the current offense previously been convicted of two or more crimes of violence arising from separate criminal transactions, the person

to 50 years' incarceration for the robbery conviction and a concurrent term of probation for the remaining charge. This Court affirmed judgment of sentence on April 22, 2009, *see Commonwealth v. Keys*, 974 A.2d 1185 (Pa. Super. 2009) (unpublished memorandum), and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on October 20, 2009.

Appellant filed his first PCRA petition on January 22, 2010, and appointed counsel filed a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 28, 2011, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw. On January 24, 2012, this Court dismissed Appellant's *pro se* appeal for his failure to file a brief.

On April 3, 2014, Appellant filed a "*habeas corpus*" petition, claiming the trial court erred in calculating his credit for time served. The court treated this filing as his second PCRA petition. Specifically, the PCRA court determined Appellant's claim was cognizable under the PCRA but unreviewable on the merits because the petition was untimely and Appellant failed to establish any time-bar exception. Appellant also raised a claim for *habeas* relief, based on his assertion that the Department of Corrections lacked the legal authority for

---

shall be sentenced to a minimum sentence of at least 25 years of total confinement ....

42 Pa.C.S.A. § 9714(a)(2).

his continued detention due to the lack of a written sentencing order. This claim, the PCRA court determined, was meritless because the original sentencing order is in the certified record and the sentence was accurately reflected on the docket by the Clerk of the Court of Common Pleas. On appeal, we affirmed on the basis of the PCRA court's opinion. ***Commonwealth v. Keys***, No. 3587 EDA 2016, 2017 WL 6015781, at *1 (Pa. Super. Ct. Dec. 5, 2017).

Appellant thereafter filed *pro se* the present petition, on January 5, 2018, as a *habeas* petition, and filed an amended petition on February 20, 2018. Therein, he raised two claims, one charging trial counsel with rendering ineffective assistance of counsel and the other asserting that the Three Strikes legislation pursuant to 42 Pa.C.S.A. § 9714, under which he was sentenced, was unconstitutionally vague. The lower court deemed Appellant's petition as his third PCRA petition and issued its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the court's notice, but the court dismissed the petition as untimely on October 8, 2019. This timely appeal followed.

Appellant raises two issues for our consideration:

1. [Did] the trial court abuse[] its discretion in dismissing Appellant's Petition for *Habeas Corpus* Relief since his confinement is based on a PCRA proceeding that denied Due Process?

2. [Did] the trial court abuse[] its discretion in dismissing Appellant's Petition for *Habeas Corpus* Relief since his

confinement is based on Three Strike legislation pursuant to 42 Pa.C.S.A. Section 9714 that is unconstitutionally vague?

Appellant's brief, at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We first address the timeliness of Appellant's *habeas* petition, which the PCRA court deemed a PCRA petition, because the PCRA time limitations implicate our jurisdiction such that we may not alter or disregard them in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).

> Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)–(iii) applies:
>
> **(b) Time for filing petition.—**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner

and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Commonwealth v. Rouse*, 191 A.3d 1, 3–4 (Pa. Super. 2018).

Here, Appellant's judgments of sentence became final on Monday, December 21, 2009, sixty days after The Supreme Court of Pennsylvania denied his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). Appellant, therefore, had until December 21, 2010 to file the present petition in a timely manner. As it is, however, Appellant did not file the present petition until January 5, 2018, making the petition over seven years untimely.

Furthermore, Appellant fails to allege, let alone prove, any exception to the PCRA time bar. He argues, however, that the PCRA court improperly construed his writ of *habeas corpus* as a PCRA petition.

It is well-settled that the PCRA remains "the sole means of obtaining collateral relief" if the underlying claim raised in a *habeas* petition is one that could potentially be remedied under the PCRA. 42 Pa.C.S. § 9542; *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). Reviewing Appellant's two claims, we observe that his allegation of ineffective assistance of trial counsel was clearly cognizable under the PCRA, such that its

presentation within a writ of *habeas corpus* did not enable it to escape the timeliness provisions of the PCRA. **See Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 130 (Pa. 2001) (holding all constitutionally-cognizable claims of ineffective assistance of counsel are reviewable under the PCRA). Pursuant to **Dadario**, it was appropriate for the PCRA court to deny relief on Appellant's claim of trial counsel's ineffectiveness as if the claim were presented in an untimely third PCRA petition.

In Appellant's second claim, he posits that the PCRA court erroneously reviewed his void-for-vagueness challenge to the Three Strikes law at Section 9714(a)(2) as a claim cognizable under the PCRA. Specifically, the substance of Appellant's void-for-vagueness argument states that, to the extent the statute permits a judge to impose a sentence of life without parole upon determining that a 25-year sentence is "insufficient to protect the public safety[,]" the statute fails to define "protect the public safety" sufficiently to notify an ordinary individual as to what is meant by "public safety." Appellant's brief, at 12.

In support of his claim, Appellant relies exclusively on **Rouse**, in which this Court held that a void-for-vagueness claim raising a sentencing issue that presents a legal question (for example, challenging the legislature's ostensible failure to provide adequate notice of the penalty for second-degree murder) rather than an issue presenting a question of whether the sentence is illegal under the purview of Section 9543(a)(2)(vii) of the PCRA is not cognizable under the PCRA. **Id.** at *6. However, even assuming *arguendo* that Appellant

correctly argues his void-for-vagueness sentencing claim comes under the *Rouse* decision, he fails to acknowledge the second part of *Rouse*, which observes that the remedy of *habeas corpus* relief is available only after confirming other remedies have been exhausted or are nonexistent. *Id*.

In *Rouse*, we determined that even though the appellant's void-for-vagueness claim was not contemplated by the PCRA and was, instead, of the type eligible for *habeas* relief, it nevertheless was waived because the appellant could have raised it at his sentencing hearing or in a post-sentence motion but failed to do so. In the case *sub judice*, the same fate befalls Appellant's claim, as he, too, failed to exhaust the available remedies of a sentencing hearing objection or a post-sentence motion. Accordingly, waiver applies, and we affirm the PCRA court's order denying relief on this claim, albeit on a different basis. *See Commonwealth v. Williams*, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/20