J-S48043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DWAYNE JONES | : | |
| | : | |
| Appellant | : | No. 303 EDA 2020 |

Appeal from the PCRA Order Entered November 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0715621-2002

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                 Filed: December 24, 2020

Dwayne Jones (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing, as untimely filed, both a petition for writ of *habeas corpus*, which the court treated as a serial petition pursuant to the Post Conviction Relief Act (PCRA),[1] and a separate PCRA petition. Appellant seeks relief from the aggregate sentence imposed after his guilty plea to multiple counts of robbery and possessing an instrument of crime (PIC), and one count of indecent assault,[2] in nine separate

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701, 907, and 3126, respectively.

cases.[3]  On appeal, Appellant contends the PCRA court erred when it treated his petition for writ of *habeas corpus* as an untimely PCRA petition.  We affirm.

The relevant facts and procedural history underlying this appeal are as follows.  On September 24, 2002, Appellant entered an open guilty plea in nine separate cases to charges of robbery, PIC, and indecent assault.  On November 19, 2002, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment, followed by 25 years' probation.  Appellant did not file a direct appeal.

On June 12, 2007, Appellant filed his first PCRA petition, and listed all nine trial court docket numbers.  Counsel was appointed, but later filed a **Turner**/**Finley**[4] "no merit" letter and petition to withdraw.  The PCRA court subsequently dismissed Appellant's petition and permitted counsel to withdraw.  Although Appellant appealed the ruling to this Court, his appeal was dismissed when he failed to file a brief.  **See** 1988 EDA 2010, Order 2/17/11.

Between November 2012 and June 2014, Appellant filed a petition for writ of *habeas corpus*, an amendment thereto, and a second PCRA petition,

_____

[3] Appellant pled guilty at the following trial court docket numbers:  CP-51-CR-0706831-2002, CP-51-CR-0706841-2002, CP-51-CR-0710831-2002, CP-51-CR-0715621-2002, CP-51-CR-0715641-2002, CP-51-CR-0715661-2002, CP-51-CR-0715671-2002, CP-51-CR-0715681-2002, and CP-51-CR-0904311-2002.  From this point forward, we will refer to a docket number by the last eight digits.

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

all of which listed the trial court dockets at issue as Docket No. 5621-2002 "et al." The PCRA court reviewed all three filings — some claims under the PCRA and other under *habeas* standards — and ultimately denied relief on July 13, 2015. *See Commonwealth v. Jones*, 2534 EDA 2015 (unpub. memo. at 5-6) (Pa. Super. Apr. 26, 2016). Appellant appealed that decision and argued, *inter alia*, that the PCRA court erred in dismissing his *habeas* claim that he was being confined in the absence of a sentencing order. *Id.* at 3. Specifically, he asserted the Department of Corrections "lack[ed] the authority to detain" him because it was unable to produce a copy of his sentencing order when he requested it. *Id.* (citation omitted). This Court determined the PCRA court "properly treated [that] claim under *habeas* review and agree[d] that he was not entitled to relief" because the certified record demonstrated the trial court entered a sentencing order on November 19, 2002. *Id.* at 5. Upon determining Appellant's remaining PCRA claims were raised in an untimely petition, the panel affirmed the order on appeal.[5] *See id.* at 11. The Pennsylvania Supreme Court subsequently denied Appellant's petition for allowance of appeal. *Commonwealth v. Jones*, 199 EAL 2016 (Pa. Sep. 27, 2016).

---

[5] We note that only seven of the nine trial court docket numbers at issue were appealed in that decision. Trial court Docket Nos. 5621-2002 and 6841-2002 are not listed in the caption. *See Jones*, 2534 EDA 2015 (unpub. memo. at 1).

On June 9, 2017, Appellant filed the present petition for writ of *habeas corpus*, again listing only trial court Docket No. 5621-2002 followed by "et al." Appellant's petition seeks "clarification" of the "statute under Pennsylvania law that the [trial court] received statutory authorization from to impose [his] sentence[.]" Appellant's Petition for Writ of Habeas Corpus A[d] Subjiciendum, 6/9/17, at 2. Thereafter, Appellant filed a PCRA petition on May 18, 2018. That untimely-filed petition — which lists only trial court Docket Nos. 5671-2002, 6831-2002, 6841-2002, and 5681-2002 — asserts claims of after-discovered evidence and governmental interference based upon the fact that he received a split sentence for one of his robbery convictions. **See** Appellant's Motion for Post Conviction Collateral Relief, 5/18/18, at 2, 6-7.

On August 26, 2019, the PCRA court issued notice of its intent to dismiss both petitions as untimely filed PCRA petitions. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 8/26/19, at 1. The Rule 907 notice listed eight of the nine trial court docket numbers, omitting Docket No. 5661-2002. Appellant filed a *pro se* response on September 6th (listing the same eight docket numbers), asserting that his *habeas corpus* petition raised a claim that is not cognizable under the PCRA. **See** Appellant's Answer to Court's Notice of Intention to Dismiss, 9/6/19, at 1-2. On November 1, 2019, the PCRA court entered an order dismissing both petitions. Order, 11/1/19. Thereafter, on November 27, 2019, Appellant filed a timely notice of appeal,

which lists the relevant trial court docket as "CP-51-CR-0715621-2001 et al."[6] Appellant's Notice of Appeal, 11/27/19.

Appellant raises the following issue in his brief:

Whether the trial court abused its discretion in dismissing Appellant's Petition for Writ of Habeas Corpus Relief for clarification as to the statute under Pennsylvania law that the Judge received Statutory Authorization from to impose an aggregated term of 20 to 40 years imprisonment plus a consecutive 25 years probation as an untimely PCRA petition?

Appellant's Brief at 3.

Before we address Appellant's substantive claim on appeal, we must first determine if this appeal is properly before us. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court announced a prospective ruling[7] that requires appellants to file separate notices of appeal "when a single order resolves issues arising on more than one lower court docket[.]" **Id.** at 977. The Court further held: "The failure to do so will result in quashal of the appeal." **Id.** Because Appellant's notice of appeal was filed in November of 2019, it is subject to the **Walker** ruling.

As noted above, Appellant's notice of appeal lists only one docket number followed by the designation "et. al." However, the Criminal Docketing Statement and appellate brief he filed in this Court list only trial court Docket

---

[6] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[7] The **Walker** decision was filed on June 1, 2018.

No. 5621-2002, without any "et. al" notation. *See* Appellant's Criminal Docketing Statement, 2/6/20;[8] Appellant's Brief, cover page. Thus, for our purposes, we conclude Appellant has perfected an appeal **only** at trial court Docket No. 5621-2002.

On appeal, Appellant has abandoned the claims raised in his May 2018 PCRA petition, and focuses solely on his June 2017 petition for writ of *habeas corpus*. He first argues the PCRA court erred in "treating his Petition for Writ of Habeas Corpus as an untimely PCRA petition." Appellant's Brief at 7. Appellant maintains the issue raised therein — "entitlement to clarification as to the statute under Pennsylvania law used to impose [his] sentence" — is not cognizable under the PCRA, and thus, should have been considered under *habeas* review. *Id.* With regard to his particular claim, Appellant contends that neither his criminal docket, nor the transcript from his sentencing hearing, reflect the statute under which the court received "statutory authorization" to impose his sentence. *See id.* at 7-8. As a result, he insists he was "prohibited" from challenging the imposition of his sentence. *Id.* at 8.

We review an order denying a petition under the PCRA to determine whether the PCRA court's decision "is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rouse***, 191 A.3d 1, 3 (Pa. Super. 2018).

---

[8] We note that Appellant attached to his criminal docketing statement an undated notice of appeal which lists all nine trial court dockets. That document, however, is neither time-stamped nor docketed.

The PCRA "provides for an action by which persons convicted of crimes they did not commit **and persons serving illegal sentences** may obtain collateral relief." 42 Pa.C.S. § 9542 (emphasis added). The Act clearly states it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies **for the same purpose** . . . including habeas corpus[.]" *Id.* (emphasis supplied). Thus, as the Pennsylvania Supreme Court explained:

> The plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

*Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016), *quoting Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001).

Here, Appellant insists he "has not raised any claim cognizable under the PCRA." Appellant's Brief at 7. We agree. The PCRA provides relief for sentencing claims involving either constitutional violations, the ineffective assistance of counsel, or "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(i), (ii), (vii). In the present case, Appellant seeks only "clarification" of the statute upon which the trial court received authority to impose his sentence. Appellant's Brief at 7. He further suggests that this lack of clarification "prohibited" him from "challenging the imposition of such sentence[.]" *Id.* at 8. Thus, it appears Appellant is seeking information he then intends to use to challenge his sentence.

Traditionally, the writ of *habeas corpus* "lies to secure the immediate release of one who has been detained unlawfully, in violation of due process." ***Joseph v. Glunt***, 96 A.3d 365, 369 (Pa. Super. 2014) (citation omitted). Furthermore, it "is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." ***Id.*** (citations omitted).

Here, Appellant's claim is similar to the allegation in his prior petition for writ of *habeas* corpus, in which he challenged his continued confinement absent the Department of Corrections' inability to produce a sentencing order. ***See Jones***, 2534 EDA 2015 at 3. Although his present claim does not focus on the sentencing order *per se*, he now asserts he is unaware of the "statutory authority" under which the court imposed his sentence. ***See*** Appellant's Brief at 8. Nevertheless, it is well settled that *habeas corpus* relief is "an extraordinary remedy" which lies only after "other remedies have been exhausted." ***Rouse***, 191 A.3d at 6. Appellant could have sought clarification of the trial court's statutory sentencing authority at his sentencing hearing or in a post-sentence motion. Because he "failed to exhaust all available remedies before resorting to *habeas corpus*," his claim is now waived.[9] ***See id.*** at 7.

---

[9] Although it is unclear in Appellant's brief what "statutory authority" he is seeking, we note that in the May 2018 PCRA petition, he argued the court's imposition of a sentence of probation "that runs consecutively to a term of confinement constitutes an illegal split sentence." Appellant's Motion for Post

Thus, while we agree the PCRA court erred in construing Appellant's claim under the PCRA, we affirm the order denying relief.[10]  **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/20

---

Conviction Relief at 5.  The only trial court docket upon which the court imposed a split sentence on the robbery conviction was Docket No. 5671-2002, which is not at issue here.  Furthermore, pursuant to 42 Pa.C.S. § 9721, a trial court may impose a term of total confinement and a term of probation to run consecutively.  42 Pa.C.S. § 9721(a)(1), (4).  The only restriction is that the maximum time imposed on a split sentence may not exceed the statutory maximum.  **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010).

[10] We may affirm an order on any basis supported by the record, even if our legal reasoning differs from that of the trial court.  **Commonwealth v. Williams**, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).