**[J-55-2020]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 14 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the judgment of |
| | : | Superior Court entered on |
| | : | September 11, 2018 at No. 2168 |
| v. | : | EDA 2017 affirming the Order |
| | : | entered on May 31, 2017 in the |
| | : | Court of Common Pleas, |
| INGRAM MOORE, | : | Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0132231- |
| Appellant | : | 1994. |
| | : | |
| | : | SUBMITTED: May 27, 2020 |


**OPINION**

JUSTICE MUNDY                                        DECIDED: March 25, 2021

We granted review in this case to determine the propriety of raising a claim in a habeas corpus petition that the sentencing statute under which Appellant was sentenced is unconstitutionally vague, or if such a claim is properly considered an illegal sentence claim cognizable solely under the mandates of the Post-Conviction Relief Act (PCRA).[1] After careful consideration, we determine such a claim is an illegal sentence claim and must be brought in a PCRA petition.

On April 17, 1995, a jury convicted Appellant, Ingram Moore, of murder in the first degree and possession of an instrument of a crime[2] for the September 18, 1993 murder of Kevin Levy. The specific facts surrounding Appellant's conviction are not relevant to

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a); 18 Pa.C.S. § 907, respectively.

the issues currently before us. Pertinent to the issues before us, the trial court sentenced Appellant to a mandatory sentence of life imprisonment without the possibility of parole for first degree murder pursuant to 18 Pa.C.S. § 1102(a).[3] Appellant appealed to the Superior Court which affirmed his judgment of sentence, and this Court denied his petition for allowance of appeal. *Commonwealth v. Moore*, 701 A.2d 780 (Pa. Super. 1997) (unpublished memorandum), *allocatur denied* 705 A.2d 1306 (Pa. 1997). Accordingly, Appellant's judgment of sentence became final on March 7, 1998 when his time to file a petition for writ of certiorari with the United States Supreme Court expired. Appellant filed a federal Writ of *Habeas Corpus* in United States District Court on September 23, 1999, which was dismissed as time-barred. Appellant had not filed any state post-conviction petitions until the present actions.

In April 2015, Appellant filed a Petition for Writ of *Habeas Corpus ad Subjiciendum* in the civil division of the Philadelphia County Court of Common Pleas. The petition alleged Appellant was being held illegally because the State Correctional Institute at Mahony, where he is incarcerated, did not have a copy of his signed sentencing order. After his petition was transferred to the criminal trial division, Appellant filed an Amended Petition for Writ of *Habeas Corpus* adding a claim that his continued incarceration violated the Eighth Amendment of the United State Constitution's bar against cruel and unusual punishment and violated his due process rights. Appellant's petition lay dormant until he filed a Motion to Compel Disposition on March 12, 2016. Appellant then filed another Petition for Writ of *Habeas Corpus* on April 15, 2016 raising a claim that his continued incarceration was illegal as the statute he was sentenced under was unconstitutionally

---

[3] The section provided at the time of Appellant's offense: "A person who has been convicted of a murder of the first degree shall be sentenced to death or a term of life imprisonment. . . ." 18 Pa.C.S. § 1102(a) (as of 1993).

vague for failing to give defendant notice that a sentence of life imprisonment meant without parole.[4] Having received no response to his petitions, on October 4, 2016 Appellant filed a Petition for Writ of Mandamus and/or Extraordinary Relief with this Court. This Court granted Appellant's petition, to the extent it was for a Writ of Mandamus, on November 30, 2016 and directed the Court of Common Pleas of Philadelphia County to adjudicate Appellant's filing within ninety days. *Moore v. Court of Common Pleas Phila. County*, 116 EM 2016 (*per curiam* Order 11/30/16).

At some point, although the timing is unclear from the record, the trial court appointed counsel to represent Appellant regarding his petitions. Appointed counsel analyzed Appellant's habeas petitions under the PCRA and concluded Appellant did not have any meritorious claims. Counsel subsequently filed a *Finley*[5] letter on April 18, 2017, requesting to withdraw based on this determination. The trial court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P 907 on April 21, 2017, and Appellant filed a reply on May 6, 2017. Thereafter, the trial court dismissed Appellant's petitions on May 31, 2017 "pursuant to the [PCRA]." Trial Court Order, 5/31/17. Appellant filed a timely *pro se* notice of appeal.

The Superior Court, in a unanimous unpublished memorandum, affirmed the trial court's dismissal and held the trial court correctly viewed Appellant's petitions for *habeas* relief as petitions for post-conviction relief under the PCRA. In making this determination, the Superior Court noted a writ of *habeas corpus* is properly considered a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Moore*, 2018 WL 4326691, at *1 (Pa. Super. 2018) (unpublished memorandum) (citing *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007)). The panel further noted the issue of the legality

---

[4] This is the only claim currently before this Court.

[5] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

of a petitioner's sentence is a cognizable PCRA claim. *Id.* (citing *Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010)). The court determined Appellant's petitions attacked the legality of his sentence "as [Appellant] contended it was imposed without legal authority" and were therefore properly considered PCRA petitions. *Id.* Appellant's petitions were untimely and therefore the trial court properly dismissed them as it did not have jurisdiction to address the substantive issues raised in the petitions. *Id.* We granted Appellant's request for allowance of appeal to address the following questions:

> a. Did the lower court abuse its discretion in turning the State Writ of *Habeas Corpus* into a PCRA petition, then time barring the petition?
>
> b. Does the Superior Court panel's opinion in question conflict with another Superior Court panel on the same legal question of PCRA cognizability?

*Commonwealth v. Moore*, 214 A.3d 232 (Pa. 2019) (per curiam).[6]

Appellant's challenge to the Superior Court's determination that his vagueness claim is an illegal sentence claim cognizable under the PCRA raises a purely legal question and, as such, our review is plenary. *Commonwealth v. Parrish*, 224 A.3d 682, 689 (Pa. 2020). A claim a petitioner is serving an illegal sentence is cognizable under the PCRA, as long as the claim is raised in a timely petition. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Historically, an illegal sentence claim was limited to a claim that a sentence exceeded the maximum sentence prescribed by law or was imposed by a court lacking jurisdiction. *Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018).

---

[6] Upon granting allowance of appeal we referred Appellant's case to the *pro bono* coordinator and ultimately Attorney Matthew A. Hammermesh, Esq. was appointed to represent Appellant. Subsequently, Attorney Hammermesh's colleague Attorney Christina A. Matthias, Esq. entered her appearance as co-counsel.

Over the years, however, the definition of what constitutes an illegal sentence has expanded.

In order to address Appellant's claims that the Superior Court erred in addressing his petitions under the PCRA, it is necessary to begin with the language of the PCRA statute. The scope of the PCRA statute is set forth, in pertinent part:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542.

To be eligible for relief a petitioner's conviction or sentence must be the result of one of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

We will address both of Appellant's issues together as they are intertwined. Appellant argues the Superior Court's opinion in this case is at odds with its opinion, issued a few months prior, in *Commonwealth v. Rouse*, 191 A.3d 1 (Pa. Super. 2018). In *Rouse*, the appellant had filed a Petition for *Writ of Habeas Corpus*, arguing his sentence for second degree murder pursuant to 18 Pa.C.S. § 1102(b)[7] violated his due process rights because the statute was unconstitutionally vague as it did not make clear to a reasonable person that a sentence of life imprisonment is without the possibility of parole. The trial court determined appellant's claim implicated the legality of his sentence and therefore construed appellant's *habeas* petition as a petition for post-conviction relief under the PCRA. Rouse filed his petition outside of the PCRA's timeliness requirements, and none of the timeliness exceptions applied, so the trial court determined it did not have jurisdiction to address appellant's petition and dismissed it. *Rouse*, 191 A.3d at 4. On appeal, in considering if the trial court correctly construed appellant's *habeas* petition as a PCRA petition, the Superior Court looked at the PCRA's eligibility for relief requirements set out in Section 9543(a)(2). In doing so it found

> [T]he only provisions of Section 9543(a)(2) that might arguably pertain to sentencing claims which, like the one presented by [a]ppellant in his *Habeas* Petition, do not also pertain to matters of underlying guilt or innocence, are Sections

---

[7] The section provided at the time of Rouse's offense: "A person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment." 18 Pa.C.S. § 1102(b) (as of 2005).

9543(a)(2)(vii) and (viii). As the jurisdiction of the trial/sentencing court is not in question, that leaves only Section 9543(a)(2)(vii), which permits relief under the PCRA statute for claims involving the "imposition of a sentence greater than the lawful maximum."

*Id.* at 5 (internal citations omitted). The court determined appellant's claim did not qualify for relief under Section 9543(a)(2)(vii) either, stating

> Appellant does not explicitly claim that his sentence exceeds the lawful maximum, nor is his claim easily construed as such. Instead, he contends that - in crafting the sentencing statute for second degree murder - the legislature failed to give adequate or reasonable notice of the penalty for that offense, especially in light of other sentencing provisions, such as the minimum/maximum rule. If anything, [a]ppellant is challenging the minimum sentence imposed (that is, that no minimum sentence was imposed); he does not claim that his sentence exceeded the lawful maximum.

*Id.*

The Superior Court also determined Rouse's claim did not fall within one of the four categories of illegal sentence claims Pennsylvania courts had previously found to be cognizable under the PCRA. These claims include: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed 2d 435 (2000)." *Id.* (quoting *Commonwealth v. Lawrence*, 99 A. 3d 116, 122 (Pa. Super. 2014)) (internal citations omitted).[8] The fourth category of illegal sentence claims recognized as cognizable under the PCRA are claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause. *Id.* (citing *Lawrence*, 99 A.3d at 122). Instead of being an illegal sentence claim cognizable under the PCRA, the Superior Court, citing *Lawrence*, found that Rouse's claim was a legal question involving sentencing, not a challenge to the trial court's authority or actions but

---

[8] The third category also includes claims brought under *Apprendi's* progeny, including *Alleyne v. United States*, 570 U.S. 99 (2013).

rather the "legislature's ostensible failure to provide adequate notice of the penalty for second degree murder." *Id.* The Superior Court therefore found appellant's claim was properly raised in a *habeas* petition.[9]

Appellant argues his void for vagueness challenge to Section 1102(a) is legally identical to Rouse's void for vagueness claim against Section 1102(b). Appellant's Brief at 33-34. He therefore argues the Superior Court's decision in this case, that his claim is cognizable under the PCRA, is directly at odds with the contrary holding in *Rouse*. *Id.*

Appellant agrees with the *Rouse* Court that a claim asserting a sentencing statute is void for vagueness is not cognizable under the PCRA and is instead properly raised in a *habeas* petition.[10] Appellant concedes that an issue cognizable under the PCRA must be brought through the PCRA's procedures. He argues, however, that the PCRA only governs petitions that raise an issue invoking one of the eligibility for relief requirements set out in Section 9543(a)(2). Appellant's Brief at 16 (citing *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998); *Commonwealth v. Taylor*, 65 A.3d 464, 466 (Pa. Super. 2013)). Appellant argues that claims outside these specific areas must be brought through a *habeas* petition. *Id.* Appellant asserts his claim that the statute he was sentenced under is void for vagueness is not a claim that falls within the specified claims available for relief under the PCRA and therefore was properly brought in a habeas petition.

Appellant, like the appellant in *Rouse*, is not challenging the jurisdiction of the sentencing court, accordingly Appellant avers Section 9543(a)(2)(viii) does not apply.

---

[9] In *Rouse*, the Superior Court, however, found appellant waived his claim because he did not raise the constitutionality of § 1102(b) at sentencing or in a post-sentence motion. *Rouse*, 191 A.3d at 7.

[10] Appellant, however, disagrees with the *Rouse* court's determination the issue is waived if the petitioner does not raise it at sentencing or in a post-sentence motion. Appellant's Brief at 36-40.

Appellant asserts Section 9543(a)(2)(vii) also does not apply as he is not claiming his sentence of life in prison without the possibility of parole is above the statutory maximum sentence prescribed for first degree murder under Section 1102(a). Appellant notes, however, that Pennsylvania courts have recognized the four types of illegal sentence claims cognizable under the PCRA as set forth in *Rouse.*

According to Appellant, this Court only recently began to expand the concept of illegal sentences beyond claims directly related to whether a sentence exceeded the lawful maximum. *Id.* at 23. In *Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016), this court held that a claim under *Alleyne,* that imposition of a mandatory minimum sentence under a statute later determined to be unconstitutional was an illegal sentence claim on direct appeal. *Id.* at 23 (citing *Barnes*, 151 A.3d at 127). Subsequently, in *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018), this Court held an *Alleyne* claim is cognizable under the PCRA. Appellant argues that, while *Alleyne* claims do not assert the sentence imposed is beyond the lawful maximum and therefore do not implicate the explicit language of Section 9543(a)(2)(vii), they are similar to the illegal sentence claims previously deemed cognizable under the PCRA. *Id.* at 24. According to Appellant, the similarity is that, like claims that a sentence is beyond the legal maximum, *Alleyne* claims address the boundaries of a permissible sentence. *Id.* Appellant argues we should not further expand the types of illegal sentence claims cognizable under the PCRA. *Id.* at 25.

Appellant seeks to differentiate his vagueness claim from *Alleyne* claims. To this end, he contends a vagueness challenge to a sentencing statute does not implicate the boundaries of a sentence but rather calls into question the notice a criminal statute must give to defendants of a potential sentence. *Id.* at 28. In Appellant's opinion, such a claim is not related in any way to the eligibility requirements set out in Section 9543(a)(2) and,

as such, is not cognizable under the PCRA and can be raised through a *habeas* petition. *Id.* [11]

Upon review of our recent holdings, Appellant's claim that his issue is not cognizable under the PCRA lacks merit. In *Barnes*, we found an *Alleyne* claim raised in a direct appeal implicated the legality of the sentence because the sentencing court was constrained to impose a mandatory minimum sentence that was later determined to be unconstitutional, even though the sentence fell within the boundaries laid out in the sentencing statute. We stated "[a]s that sentencing provision has now been rendered unconstitutional on its face . . . it is as if that statutory authority never existed." *Barnes*, 151 A.3d at 127 (internal citations omitted). We found any sentence imposed under such authority is an illegal sentence and therefore the claim was not waived even though appellant did not raise the issue before the trial court or in his 1925(b) statement. *Id.*; *See also Commonwealth v. Monarch*, 200 A.3d 51, 56 (Pa. 2019) (finding a claim a sentence imposed pursuant to a sentencing statute that unconstitutionally required an enhanced mandatory minimum sentence for appellant's refusal to submit to blood testing was an illegal sentence claim).

In *DiMatteo*, applying the rule set out in *Barnes*, we found an *Alleyne* claim cognizable under the PCRA when appellant's sentence was not final at the time *Alleyne* was decided, and he raised the claim in a timely filed PCRA petition. In doing so, we noted the PCRA specifically states it "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral

---

[11] The Commonwealth did not submit a brief in this matter. The Commonwealth filed four requests for extensions of time to file its brief in this matter. This court granted the first three but denied the fourth. After that denial the Commonwealth filed an Application for Leave to File a Brief for Appellee *Nunc Pro Tunc*, which this court denied. Order, 3/17/20. The Commonwealth attached a proposed brief to its application, to which Appellant filed a Reply Brief.

relief." *DiMatteo* 177 A.3d at 192 (quoting 42 Pa.C.S. § 9642). We also recognized that the PCRA's eligibility-for-relief requirements do not specifically mention illegal sentences but rather provide relief from "[t]he imposition of a sentence greater than the lawful maximum[;] or [a] proceeding in a tribunal without jurisdiction." *Id.* (quoting 42 Pa.C.S. § 9543(vii), (viii)). In determining appellant was entitled to relief we stated:

> However, the traditional view of sentence illegality claims was limited to either a sentence that exceeded that statutory maximum or one imposed by a court lacking jurisdiction. In *Barnes*, this Court adopted a test to determine whether a sentencing claim is illegal, thereby expanding the concept of illegal sentencing. That the PCRA speaks to addressing illegal sentences and specifically sentences exceeding the lawful maximum or imposed by a court without jurisdiction, does not preclude [appellant] from obtaining relief from his unquestionably illegal sentence as legality of the sentence is always subject to review within the PCRA where, as here, the petition is timely.

*Id.* (internal citations omitted); *see also Commonwealth v. McIntyre*, 232 A.3d 609, 619 (Pa. 2020) (holding a sentence imposed for a conviction under a statute found void *ab initio* implicated the legality of the sentence and was cognizable under the PCRA).

The void for vagueness doctrine "prevents the government from imposing sanctions under a criminal law that fails to give fair notice of the proscribed conduct." *Commonwealth v. Herman*, 161 A.3d 194, 204 (Pa. 2017) (citing *Johnson v. United States*, 576 U.S. 591, 595 (2015). A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute. *See Johnson, supra; Welch v. United States*, ---- U.S. ----, 136 S.Ct. 1257, 1262 (2016). If Section 1102(a) is void for vagueness, the sentencing court would not have been permitted to sentence Appellant to life without the possibility of parole. The authority to impose that sentence would have not existed. Section 1102(a) is the only section under the sentencing code that sets out the sentence to be imposed for a conviction of first degree

murder. This is exactly the type of claim we determined implicated the legality of the sentence in *Barnes* and found cognizable under the PCRA in *DiMatteo.*[12]

Further, if Appellant's vagueness claim is successful it would satisfy the eligibility for relief requirements of Section 9543(a)(2). If the sentencing statute under which the sentencing court imposed sentence is void, and there is not another applicable sentencing statute, the sentencing court had no authority to impose any sentence at all on Appellant. If the court had no statutory authority to impose any sentence at all then any sentence imposed is a sentence greater than the lawful maximum, thus qualifying Appellant for relief under Section 9543(a)(2)(vii).

Appellant's claim is, therefore, cognizable under the PCRA. This finding does not expand the types of illegal sentences cognizable under the PCRA nor does it contravene the explicit language of the statute. Our finding that such a claim is cognizable under the PCRA, however, is in direct contradiction to the Superior Court's decision in *Rouse* and, as such, we reject the Superior Court's ruling in *Rouse*.

As Appellant's claim is cognizable under the PCRA he is required to bring it under that statute and to comply with all applicable requirements, including timeliness. *See Peterkin*, *supra* at 640. Appellant's sentence became final March 7, 1998 so his petition is facially untimely, and he has neither pled nor proven any of the timeliness exceptions

---

[12] This author joined Chief Justice Saylor's concurrence in *Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016), sharing his concern that expanding the formulation for "illegal sentence" could complicate our issue preservation jurisprudence. Given the Majority holding in *Barnes*, I have subsequently joined and authored other decisions employing its approach. *Cf Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018). These cases, however, involve questions of law relative to the legality or constitutionality of statutes or procedures. I perceive no basis to construe the concept of "illegal sentence" relied on here so expansively as to apply to issues where resolution is dependent on a factual finding with a party responsible for the production and persuasion of the evidence. In such cases, including the sufficiency of the evidence example suggested by Chief Justice Saylor in his concurring opinion, the limitations of issue preservation remain unaffected.

available. *See* 42 Pa.C.S. § 9545(b)(1). His petition is thus untimely. The timeliness requirements of the PCRA are jurisdictional in nature, and courts cannot address the merits of an untimely petition. *Commonwealth v. Bennett*, 930 A.2d 382, 387 (Pa. 2007). Accordingly, the trial court did not have jurisdiction to address the merits of Appellant's petition and the petition was, therefore, correctly dismissed. The order of the Superior Court is affirmed.

Justices Baer, Todd, Donohue, Dougherty and Wecht join the opinion.

Chief Justice Saylor files a concurring opinion.