J-S38030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL A. BARNETT | : | |
| | : | |
| Appellant | : | No. 1852 EDA 2022 |

Appeal from the PCRA Order Entered June 22, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000731-1990

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:              **FILED NOVEMBER 14, 2023**

Daniel A. Barnett appeals *pro se* from the order denying his latest, untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

This Court has previously summarized the pertinent facts as follows:

> On January 30, 1990, nineteen-year-old Barnett stabbed and killed 64-year-old Margaret Ann Woodward during a car-jacking.  After driving for two days with the body stuffed into the trunk of the car, Barnett attempted to dispose of Mrs. Woodward's body by setting it on fire at a construction site.  Barnett was captured after he attempted to purchase gas for the car with Mrs. Woodward's credit card.  The police found the car a few hours later and discovered Barnett's birth certificate and clothes stained with the blood of the victim in the vehicle.  Barnett subsequently took the police to the wooded area where he had left Mrs. Woodward's body.

---

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Barnett*, 718 A.2d 337 (Pa. Super. 1998), non-precedential decision at 1-2.

Barnett was arrested and charged. He entered a negotiated guilty plea to first degree murder, kidnapping, and robbery on October 17, 1990. That same day, the trial court imposed the negotiated sentence of an aggregate term of life in prison. Barnett did not file a direct appeal.

On August 16, 1995, Barnett filed a *pro se* PCRA petition and the PCRA court appointed new counsel to represent him. Ultimately, the PCRA court denied Barnett's petition and PCRA counsel did not file an appeal. However, Barnett filed a *pro se* appeal and this Court filed an order directing PCRA counsel to enter his appearance and resume his representation of Barnett. On April 3, 1998, we rejected Barnett's appellate claims and affirmed the PCRA court's order denying him post-conviction relief. *Barnett supra*. Thereafter, Barnett filed an application for reargument, which we dismissed as untimely filed. On November 12, 1998, our Supreme Court denied Barnett's *allocatur* petition. *Commonwealth v. Barnett*, 732 A.2d 611 (Pa. 1998).

Barnett filed a second PCRA petition on March 20, 1999, which the PCRA court denied on August 2, 1999. Barnett appealed to this Court. On March 23, 2000, we affirmed the denial of post-conviction relief because it was untimely filed, and Barnett failed to establish a time-bar exception. *Commonwealth v. Barnett*, 757 A.2d 989 (Pa. Super. 2000). This Court denied his petition for reargument on May 23, 2000. On October 11, 2000, our Supreme Court denied his *allocatur* petition. *Commonwealth v.*

***Barnett***, 795 A.2d 971 (Pa. 2000). Thereafter, Barnett filed a third *pro se* PCRA petition that was dismissed on October 9, 2012, and a fourth PCRA petition that was dismissed on June 2, 2016.

On June 1, 2022, Barnett filed a petition for writ of *habeas corpus ad subjiciendum* and a motion for allowance to amend the petition, which the PCRA court treated as his fifth PCRA petition. That same day, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Barnett's fifth petition as untimely. Barnett filed a response. By order entered June 22, 2022, the PCRA court denied Barnett's fifth petition. This appeal followed. The PCRA court did not require Barnett to comply with Pa.R.A.P. 1925(b), but the PCRA court filed a Pa.R.A.P. 1925(a) statement.

Barnett raises seven substantive issues on appeal. Before we consider their merits, however, we first note that the PCRA court properly considered his latest filing for post-conviction relief as a serial PCRA petition. ***See*** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

Treating Barnett's latest filing as a PCRA petition, we must next determine whether the PCRA court correctly concluded that it was untimely filed, and that Barnett failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Barnett's judgment of sentence became final on November 16, 1990, thirty days after the time for filing a direct appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Barnett had until November 18, 1991, to file a timely petition.[1] As Barnett filed the petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Barnett has failed to plead and prove any exception to the PCRA's time bar. Instead, he maintains that his request for *habeas corpus* relief exists outside the parameters of the PCRA. In support of this claim, Barnett cites this Court's decision in **Commonwealth v. Rouse**, 191 A.3d 1, 7 (Pa. Super. 2018). In **Rouse**, a panel of this Court concluded that a petition for writ of *habeas corpus* claiming that the second-degree murder sentencing statute, 18 Pa.C.S.A. § 1102(b), was unconstitutionally void for vagueness involved a claim that was not cognizable under the PCRA.

Initially, after reading Barnett's lengthy brief we are uncertain whether he raises this type of due process claim in challenging his first-degree murder conviction. Nonetheless, we note that our Supreme Court in **Commonwealth**

---

[1] Because the one-year date fell on a Saturday, Barnett had until the following Monday to file his direct appeal. **See generally**, 1 Pa.C.S.A. § 1908.

*v. Moore*, 247 A.3d 990, 998 (Pa. 2021), expressly "reject[ed] the Superior Court's ruling in *Rouse*." In *Moore*, the High Court concluded that Moore's challenge to the sentencing statute for first-degree murder, 18 Pa.C.S.A. § 1102(a), as unconstitutionally "void for vagueness" was cognizable under the PCRA. *Id.* Because Moore's PCRA petition was untimely, and he had neither pled nor proven a time-bar exception, our Supreme Court concluded that the PCRA court lacked jurisdiction to consider the merits of Moore's petition relief. Barnett's present appeal mandates the same conclusion; his petition is cognizable under the PCRA, it is untimely, and we have no jurisdiction to consider his claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023